Judge Simpson
delivered the opinion of the Court.
On the 10th day of July, 1840, Thomas Reaugh and Hiram Reaugh executed to William W. Lawes and Madison Miller, a deed of trust on four -lots in the city of Louisville, to pay certain debts therein enumerated; among which, a debt .to Winn and Pollock .is included.
*321 Before the date of the deed of trust, an execution in favor of Allen and Muir against said Lawes and Thomas Reaugh as his surety, had been placed in the hands of the Sheriff, and levied by him upon -two of the lots embraced by the deed, and the interest of Thomas Reaugh therein was subsequently sold, and purchased by Allen & Muir at the price of two hundred and ten dollars, but no deed has been made to them by the Sheriff
There was a debt due by the Reaúghs to Levy, for which Lawes was bound as surety, the payment of which was also secured by the deed of trust. This debt not having been paid, eleven hundred dollars of it, or upwards, was in the year 1841, paid by a sale of the estate of Lawes made under an- execution.
In August, 1843, Lawes and Miller conveyed all their interest in the four lots to Hamilton Smith, in payment of certain debts due by the Reaughs, which had been placed in Smith’s hands for collection. The deed to Smith was made at the instance of Thomas Reaugh, and contains, on the part of Lawes and Miller, a covenant of warranty of title against all persons claiming through or under them, but not against any claim made through other persons.
The contest in this case is between Smith, together with the creditors whose debts were paid by the conveyance of the four lots to him, on the one side, and Winn & Pollock, Allen & Muir, and Lawes ...on the other side, not however claiming in conjunction, but asserting their several claims to the property conveyed to Smith.
As it respects the debt due to V/inn & Pollock, there seems to be no plausible objection to their right to have the property conveyed to Smith applied to its payment. It was secured by the deed of trust on the four lots., and when the trustees conveyed the title to Smith, he. took it subject to the charges existing upon it in their hands in favor of third persons, and consequently held, it, virtually as a trustee for the benefit of W.inn & Pol- *322 ]0ck to the extent of their debt. They claim under the deed as direct beneficiaries, and not as is supposed by substitution to the rights of the original trustees, and precluded by the covenant of warranty in the deed to Smith from asserting title through them. Lawes and Miller held the title merely as trustees. The trust in favor of Winn & Pollock, appeared by the deed to them. Smith therefore received the title subject to the trust, and the property is still liable in his hands to the payment of their debt.
Se^s purchased by partners with tute a joint stock of the ^partner-treated as*perso3nal estate, and such: pivinc, d'B. Momoe, erUpartnership funds be vested in. real estate ^ not # necessary he* usec^in the bought for speculation, or as a safe investment of part«míame princiisnert'yet1 dec!-’ dedbythis court though the reason would seem -to be on the side of the affirmative Son* winsome exceptions: (3 Collyer on Part,, 76.)
Thomas and Pliram Reaugh had been partners in mer~ chandizing. The lots are alleged to have belonged to the firm, and to have been partnership property. The debts which were paid by the sale and conveyance of the lots to Smith were partnership debts. The debt due to Allen & Muir was the debt of another person, for which Thomas Reaugh one of the partners, was liable as surety. What interest in the lots did Allen & Muir acquire by their purchase? That one partner has a rightto have all the debts against the firm discharged out 0f the personal estate belonging to it, before the /'ll , separate creditors of the other partner can subject it to the payment of their debts, is a well established doc-tr'ne °f the law. And where real estate has been purchased by the partners, with a view to constitute it . . , „ † _ .. , . . , joint stock ot the firm ior partnership use, in such a case it is to be treated as personal estate and distributed as such; Divine, &c. vs Mitchum, (4 B. Monroe, 488.) But whether where partnership funds are vested in vacant lots or any other real estate not necessary nor intended r ,1 r l• • • ,. T for the use of the nrm m carrying on the business in which it is engaged, but purchased by the partnership for speculation, or as a safe investment of partnership funds not needed to carry on the regular business oí the partnership, the same pi’inciple is to prevail, is a question that has not yet been decided by this Court. The better opinion would seem to be however, that in such a case equity will consider the property as forming part of the partnership fund, and subject to the same dispo *323 sition as personal property; liable however to be conveyed or charged by one partner, on his individual account to the extent of his legal title, if the purchaser dealt with him bona fide, and without notice of the partnership rights, and there be nothing in the condition of the property or in the transaction from which notice might reasonably he inferred; (3 Kent's com. 37,) (Collyer on Partnership, 76.)
A purchaser at Sheriff’s sale of the interest of one oí two partners in real estate bought and held by the firm, acquires such an interest under his purchase as will be valid vs the creditors of the firm when the purchaser has not notice that (he property was used lor the purposes of the-partnership.
Where real estate is used by the partnership in the course of its business, that fact of itself, furnishes notice to a purchaser from one of the partners, that the property belongs to the partnership, and is the subject of partnership rights and liabilities.
In this case, Allen & Muir purchased the interest of Thomas Reaugh, one of the partners in the lots alluded to, under an execution in which they were plaintiffs. Notwithstanding their failure to procure a deed from the Sheriff, they were as purchasers under the execution invested not merely with an equity, but with an Inchoate legal title, which they had a right to consummate at any time by a conveyance from the proper officer. .They must be regarded then as purchasers for a valuable consideration, having a right to the benefit of their purchase unaffected by any equities in favor of the partners ; unless at the time of the purchase they had notice of the existence of the partnership rights. They deny that tire property was purchased with partnership-funds, or belonged to the partnership, or was conveyed to Thomas and Hiram Reaugh as partners.
There was nothing in the situation of the property from which notice can be inferred. It was not used by the partnership, nor is it shown that it was conveyed to the Reaughs in their partnership capacity. The deed of conveyance is not exhibited, and we-do not therefore know in what, manner the property was conveyed to them. It was incumbent upon those claiming- it to be-partnership property, to have established, the fact by competent proof. And although that fact- may be established by other testimony, if-it do not appear in the- *324 deed of conveyance, yet if it do so appear; it would furnish evidence of constructive notice to the purchasers. But as the deed has not been produced, and there is an entire absence of all testimony of any notice to Allen & Muir, and nothing appears in the transaction from which notice can be inferred, the creditors of the firm have failed to make out such a case as entitles them to have the property subjected to the payment of their demands.
Besides, the only testimony that the property was purchased with partnership funds, that has been offered, consists in the entries in the partnership books, and it may well be doubted whether those entries are legal evidence against Allen & Muir.
As it regards the claim of Lawes, it is wholly inadmissable, in opposition to his conveyance of the property with warranty of title against himself and those claiming under him. Some attempt has been made to prove that he did not intend by the conveyance to Smith to divest himself of his individual rights, but only to pass the title he held as trustee, subject to all existing trusts. But if such were his intention, the reservation to that effect should have been expressed in the deed made by him. It cannot be established by parol testimony, as it is inconsistent with the covenants contained in his deed. The testimony however, renders it very doubtful whether any such reservation was contemplated by the parties, or would have been embodied in the deed with their mutual consent, had it been insisted on by him. He was threatened with a suit, the object of which was to subject him to an individual responsibility to the partnership creditors, for the abuse of the trust which had been vested in him as trustee, by a deed made to him in that character by the Reaughs, for the payment of partnership debts and liabilities. To avoid that suit and settle the controversy, an agreement was entered into that the lots in question, and some other firm assets should be transferred to Smith in payment of the debts on the Reaughs placed in his hands *325 for collection; and the deed was made in fulfillment of that agreement. So that a sufficient inducement for the execution of the deed by him without any reservation, is clearly established. He cannot therefore be permitted to assert a right to the property conveyed inconsistent with the title vested in the grantee, and with the terms and provisions of the deed.
Fry and P.age for appellants; Harrison for appellees.
The decree of the Chancellor is sustained by the views expressed and the principles contained in this opinion.
Wherefore the decree is affirmed.