CHARLES H. VAN BRUNT, as receiver, Respondent, v. DANIEL
H. APPLEGATE, Appellant.

A conveyance by one partner, having legal title to an undivided half of real
estate, the whole of which, in equity, is partnership property, to a creditor
of the firm in payment of a partnership debt, vests good title to such
undivided half in his grantee; notwithstanding it is executed without the
knowledge or consent of the other partner, the firm is insolvent and its
effect is to give a preference to the grantee.

Accordingly, upon the following facts: For the purpose of forming a part-
nership, A conveyed to B an undivided half of certain real estate, B pay-
ing to him its value. The firm went into possession of and occupied the
premises, for partnership purposes, making improvements thereon and
entering the rents received from a portion in the firm accounts.    It
became insolvent, and B, without A's consent or knowledge, made a con-
veyance of an undivided half of the premises to C, a creditor of the firm,
which was received by C in payment, *pro tanto*, of his claim.  The plain-
tiff was appointed receiver of the concern, and brought this action to have
the conveyance to C set aside as fraudulent and void, or to have it
adjudged that the interest of C was only in the surplus which might
remain, after payment of the partnership debts.

*Held* (HUNT and LEONARD, CC., *contra*), that the conveyance vested good
title to an undivided one-half of the real estate in C.

(Heard in the Court of Appeals and a reargument ordered June, 1870;
argued in this court, September, 1870; decided May 15th, 1871.)

APPEAL from a judgment of the General Term of the
Supreme Court in the first judicial district, affirming a judg-
ment for the plaintiff, on the report of a referee.

The referee found the following facts:

That, previous to the month of November, 1853, one Cor-
nelius Westervelt was the owner in fee of the premises in
question, upon which premises he was carrying on the busi-
ness of a wood turner.

That, in that month, Westervelt and one Abram R. Welch,
Jr., entered into a copartnership, under the firm name of West-
ervelt & Welch; Welch paying to Westervelt the one-half
of the inventoried value of the property owned by Wester-
velt, including the premises in question, and Westervelt, in
consideration thereof, conveying the one-half of said property

to Welch, subject to an equal proportion of the encumbrances thereon; Welch thereby becoming an equal copartner with Westervelt in all respects.

That, from the time this conveyance was made by Westervelt to Welch, the firm of Westervelt & Welch continued to occupy the premises, and there carried on their copartnership business; that said firm also made improvements upon the premises, put up a steam engine therein, erected buildings and put machinery therein, all of which buildings and machinery were paid for out of the copartnership funds, and were used in the business of the copartnership; that the rent accounts of all the tenants were kept in the copartnership books, and such books and such rents, in the settlement of the copartnership accounts, formed a part thereof; that all of the above facts were within the knowledge of the defendant, Daniel H. Applegate.

That the said conveyance was made by Westervelt to Welch for the purpose of constituting a partnership between him and Welch, and for no other purpose or object whatever.

That, on the 7th day of February, 1862, Welch, together with his wife, executed a conveyance, with the usual covenants of warranty, of one undivided half part of the premises described in the complaint, the consideration therein expressed being $3,000, which deed was duly recorded February 8, 1862. This deed was executed and delivered without the consent of Westervelt.

That, at the time of the execution and delivery thereof, the firm of Westervelt & Welch were indebted to the defendant in the sum of about $5,000, and that such conveyance was executed and delivered by Welch, and the same was received by the defendant, in part payment of such indebtedness.

That the firm of Westervelt & Welch were insolvent at the time of the execution of the last mentioned conveyance, and had been for some time previous thereto.

That, on or about the 13th day of February, 1862, Westervelt commenced an action in this court against Welch, to dissolve the copartnership; and such proceedings were had therein

that, on the 24th of February, 1862, the plaintiff was duly appointed receiver of the property and effects of the partnership, and thereupon gave the requisite security, and entered upon the execution of the duties of his trust.

That, on the 25th day of February, 1862, Westervelt & Welch, with their respective wives, in pursuance of the order appointing the plaintiff receiver, conveyed the premises to the plaintiff, as such receiver, and the plaintiff, in that capacity, has ever since, up to the 15th day of February, 1864, been in possession thereof, and received the rents, issues and profits thereof.

That the estate aforesaid was a part of the partnership property and effects of the firm of Westervelt & Welch.

As a conclusion of law, based on the foregoing facts, the referee found, that the conveyance by Welch to Applegate, of an undivided half of the premises, conveyed simply the undivided half of the avails or proceeds thereof, to which Welch would be entitled upon a settlement and adjustment of the partnership accounts and a payment of the partnership debts.

The only exceptions taken were to the conclusion of fact that the premises were partnership property, and to the foregoing conclusion of law.

The judgment entered upon this report was affirmed, upon appeal to the General Term; and the defendant appealed to the Court of Appeals.

*Livingston K. Miller*, for the appellant, cited *Mabbett v. White* (2 Kern., 442); *Collumb v. Read* (24 N. Y., 509); *Delmonico v. Guillaume* (2 Sandf. Ch., 361); *Lawrence v. Taylor* (5 Hill, 107); Story, §§ 92, 94; *Willett v. Stringer,* (17 Abb., 155); *McDermott v. Lawrence* (7 Serg. and R., 438); *Ford v. Herron* (4 Munf., Va. 316); *Smith v. Kerr* (3 Comst., 150); *Jackson v. Stanford* (19 Geo., 14); *Anderson v. Tompkins* (1 Brock. C. C. R.); *Buchan v. Sumner* (2 Barb. Ch., 198); *Ketchum v. Durkee* (1 Barb. Ch., 480); *Kirby v. Schoonmaker* (3 Barb. Ch., 46); *Frink v. Branch* (16 Conn., 261); *Sigourney v. Munn* (7 Conn., 11).

*Samuel Hand*, for the respondent, cited *Salter* v. *Ham* (31 N. Y., 321) ; *Griscom* v. *Mayor* (2 Kern., 586); *McMahan* v. *Harrison* (32 How. Pr., 313); *Smith* v. *Danvers* (5 Sandf., 669); *Cookson* v. *Cookson* (8 Sim., 529) ; *Williams* v. *Lawrence* (53 Barb., 320); *Mills* v. *Pearson* (2 Hilt., 16) ; Story, §§ 92, 94, 97) ; Parson on Part., 167–8 ; *Van Scoter* v. *Lifforts* (11 Barb., 140) ; *Rogers* v. *Batchellor* (12 Peters, 221 ; 22 Wend., 324; 1 Seld., 229 ; 28 Barb. 644; 23 Wend., 435) ; *Ford* v. *Herron* (4 Munf., 316); *Dillon* v. *Brown* (11 Gray, 179, 180); *Dyer* v. *Clark* (1 Am. Lead. Cases, 487); *Clement* v. *Brush* (3 John. Ch., 180); *Lawrence* v. *Taylor* (5 Hill, 107); *Buchan* v. *Sumner* (2 Barb. Ch., 165); *Mumford* v. *McKay* (8 Wend., 441).

LOTT, Ch. C.   It must be considered an established principle in the disposition of co-partnership property, in this State, since the decision of *Mabbett* v. *White* (2 Kernan, p. 442), that each partner has full power to sell and transfer the entirety of any particular goods, wares and merchandise, or other personal effects and property belonging to the partnership, and not merely his own share thereof, for purposes within the scope of the partnership, and that such sale and transfer can be made directly to a creditor of the firm, in the payment of a debt due from it, without the knowledge or consent of the co-partners, although the firm is insolvent and the effect of such sale and transfer is to give such creditor a preference over the other creditors.

The decision in this case, by the court below, is based on the fact that the real estate in question was partnership property, at the time of its conveyance to the defendant, and it was on that account to be considered and treated, in equity, as personal estate, and liable, in the same manner as other partnership personal property, to the payment and satisfaction of partnership debts and the division of the assets between the partners.

Assuming the fact and the principle founded thereon to be as stated, I find no sufficient ground for questioning the

defendant's title.   It is found by the referee that the firm, of
which the grantor was a member, was indebted to him in a
greater amount than the consideration expressed in his deed,
and that it was given and accepted in part payment of such
indebtedness; and although the firm was at that time, and
had been for some time previous thereto, insolvent, it does
not appear that the fact of such insolvency was known to the
defendant, or that his object was to secure a preference over
other creditors.   The sufficiency of the consideration is not
questioned, and there is nothing shown to impeach the *bona
fides* of the transaction.   On the contrary, the referee states,
in his opinion, that there was no claim made upon the trial
that the conveyance was made with any fraudulent intent, as
against the creditors of the firm, or of Westervelt, the mem-
ber who did not join therein nor assent thereto.

If, therefore, the settled rule governing and controlling the
disposition of personal property, to which I have referred, is
applicable to this case, it follows that the defendant acquired
a perfect title.   Is there any good reason why it should not
apply?   The only ground, on which the plaintiff can claim
title, is that it is personal property, and that he, as represent-
ing creditors of the firm to which it belonged, is entitled to
it, in preference to the defendant, who claimed by title, and
appears to have been regarded by the court as a purchaser,
from one of the members of a firm, in a private transaction
between them as individuals, entirely ignoring the fact that
the conveyance was taken in part payment and satisfaction of
a partnership debt.   The contest is, therefore, between part-
nership creditors, having equal rights and standing in the same
relation to the property.   There is, consequently, no violation
of the equitable rule, that such creditors are entitled to the
payment of their debts out of copartnership assets, before
recourse can be had thereto by creditors of any or either of
the individual partners.

The referee and the court below, for the purpose of enforc-
ing the plaintiff's claim, treat the land in question as *personal*
estate, and yet at the same time and in the same breath recog-

nize it, in the repudiation of the claim of the defendant, as *real* estate, in the first case giving effect to the equitable title, and in the latter asserting the legal title; and they deny the defendant the benefit of the equitable rule, on the technical rule of *law* that *real* estate must be conveyed by an instrument under seal, and that the authority to execute such instruments by one partner alone does not result from the partnership relation, but can only be exercised by the express authority of the other under seal.

Conceding such to be the rule at law, when the *legal* title is in question, I do not admit that it applies and controls where, as in this case, the plaintiff is obliged to ask a court of equity to give him relief, on the ground that such *real* estate is in equity to be considered as personal property, against the claims of another having the same equitable rights thereto. It is by no means certain that the defendant may not avail himself of a transfer, although under seal, on the same ground.

It is, however, unnecessary to decide that question. The *legal* title to the *whole* of the estate and interest conveyed to the defendant, and which is the subject of controversy, was vested in Welch, his grantor, alone; and assuming that he held it for the benefit of his partner, as well as himself, and that, to the extent of his partner's interest, he may be considered in equity as a trustee, yet he himself could convey such legal title absolutely, and the assent or authority of his partner was not necessary. The technical rule referred to, has, therefore, no application to the case.

The defendant, by the conveyance to him, having become vested with the legal title to the property, and having equal rights in equity with the plaintiff, is entitled to hold it for his own exclusive use and benefit.

It follows, as the result of these views, that the judgment of the court below is erroneous and should be reversed, and a new trial is ordered, costs to abide the event.

EARL, C. The real estate was undoubtedly partnership property, and should be so considered in equity. For the

purpose of adjusting the affairs of the copartnership, it must be treated in equity as personal property. Each partner held an undivided half in trust for the partnership, and as trustee could be called to account for it.

Welch held the legal title of an undivided half, and, without the consent of his partner or of the firm, could give a *bona fide* purchaser a good title. But any purchaser from him, under the circumstances, with notice of the trust, would take the real estate impressed with the same trust under which he held it. If Westervelt had consented to this conveyance, Applegate's title would have been good without anything more. It would not have been necessary for Westervelt to have executed the deed; that is, Welch could have conveyed the undivided half and given good title to it, provided he made the conveyance with the consent of the firm. In such case there would have been no breach of trust on his part.

Suppose Welch had held the legal title to the whole land, instead of an undivided half, it would still have been partnership property, subject to the same rules. In such case, with the assent of the firm, he could have conveyed the whole title to any purchaser. It would not have been necessary for Westervelt to have joined in the conveyance.

If this had been strictly personal property, Welch could have conveyed the whole, or any specific part, or any undivided part to Applegate, to satisfy the firm debt, provided he did so, acting for and on behalf of the firm. And, as this real estate is to be treated as personal property, it may be conveyed for the same purpose and in the same way. Welch, for and on behalf of the firm, consents that the property may be appropriated to pay a debt of the firm, and then, holding the legal title as trustee for the firm, he conveys it to pay the debt in the only way it can be conveyed. He, representing both the *cestuis que trust* and the trustee, makes the conveyance, and in such a case, the grantee must take the whole legal and equitable title.

When one partner conveys partnership personal property in his own individual name, the vendee gets only the interest of the vendor, remaining after the settlement and adjustment of the partnership affairs; for the legal title to the property is in the firm, and the firm must convey. But here the legal title to the real estate sold was in the name of Welch, and all that was needed was, that he should make the conveyance, acting for and with the assent of the firm; and this assent he as a member of the firm, was perfectly competent to give.

These are briefly my reasons for concluding that the judgment should be reversed and a new trial granted.

GRAY, C.    Conceding that the land in question was, at the time of its conveyance by Welch to the defendant, a part of the partnership property of Westervelt and Welch, its conveyance to him, if otherwise unobjectionable, is not inoperative or voidable, on account of its having been made in payment of a partnership debt, even though the effect may have been to give a preference to the defendant over other creditors of the firm, and put an end to the partnership. This proposition rests for its accuracy upon authority. (*Mabbett* v. *White*, 2 Kern., 442; *Graser* v. *Stellwagen*, 25 N. Y., 315.) Nevertheless, as a general rule, in the absolute sale of land, where (as under our statute) the conveyance must be under seal, one partner cannot bind the firm by deed; all that he can convey, whether he executes the deed in his own or the firm name, is his interest in the partnership property. Thus far, there is no serious controversy between the parties, as to the law governing the disposition of partnership property. The difficulty arises out of the fact, that the title to the property in question did not stand in the firm name, but that one undivided half thereof stood in the name of each partner, and was held, as the referee has found, for partnership uses; and hence, it is claimed, because each holds title, in his individual name, to an undivided half for the benefit of both, neither can convey a half of the whole. The theory of the plaintiff is this: Each half owner holds one-quarter of the

whole in trust for his copartner, which cannot be conveyed unless his copartner join in the deed; yet it is not denied, and cannot be upon principle or authority, that if the whole property, instead of the half, had been embraced in the sale, and both partners had joined in the deed, the absolute title to the whole, including the one-quarter claimed to have been held by each, would have passed by the deed. It has been overlooked, or at least not suggested, that the title held by Westervelt was subject to the same trust as that held by Welch, and that, in no event, the title of either could be less than one-half of the whole; and no good reason can be assigned why, in any view of the case, a deed by either could not convey an undivided half of the whole. The plaintiff's theory, carried out, would lead to strange results. If an hour after, or at the time of the execution and delivery of the deed by Welch, Westervelt had, under the same circumstances, conveyed an undivided half of the same premises to the defendant, there would have remained a full half yet undisposed of; and thus, what has been regarded as a heresy up to this time, would be established as law, viz., that partners cannot, by separate deeds, convey their entire estate in lands held for partnership use, but that, to effect a transfer of the latter, they must unite in one and the same deed. The mistake, persevered in, is in not regarding the title of Westervelt and Welch to the property, held by them as partners by separate titles, in the same light as if it had been held under a joint deed to both. I am, therefore, without considering to what extent this property, for partnership uses, should be regarded as personal, for reversing the judgment appealed from.

For reversal, LOTT, Ch. C., and EARL and GRAY, CC.

For affirmance, HUNT and LEONARD, CC.

Judgment reversed and new trial ordered, costs to abide the event.