WILLIAM B. FAIRCHILD et al., Appellants, v. EGBERT H. FAIRCHILD et al., Respondents.

Real estate purchased for and appropriated to partnership purposes and paid for out of partnership funds is partnership property, although the legal title is taken in the name of one of the partners; equity will hold him as trustee for the firm.

There is no distinction in respect to the proof necessary to establish the fact that the real estate is partnership property between such a case and the case of a conveyance to the several partners; it may be established in either case by parol evidence.

The fact that in the firm accounts the land is treated the same as other firm property as to purchase-money, income, expenses, etc., is a controlling circumstance in determining the intent, and from it an agreement may be inferred.

For the purpose of paying debts and adjusting the equities between the copartners real estate belonging to a partnership is treated as personal property, and what remains is regarded as real estate descending to the heirs of the partners, according to their several interests.

The same evidence, however, which will establish its character as partnership property for the purpose of paying the debts and adjusting the equities, will determine it for the purpose of final division.

Real estate so purchased is not within the provision of the statute of uses and trusts (1 R. S., 728, § 51), providing that when a grant for a valuable consideration shall be made to one person and the consideration paid by another, no use or trust shall result in favor of the person making the payment. The partner having title is a trustee for the firm, holding the property as personalty; and when this trust is discharged by the payment of the debts and the settlement of the claims of the partners as between themselves, a trust in the remainder result, by operation of law to the other members of the firm and the heirs of such as have died, which is validated by the provision of the said statute (§ 50) preserving trusts arising or resulting by implication of law.

Where it appears that a partner who has taken title in his own name to real estate claimed to belong to the firm has access to the books which

were kept by clerks, that he examined them at times and had personal supervision of the office, it is to be presumed that he knew how the entries were made, and they are competent evidence against him.

*It seems* that, as a general rule, where members of a firm have access to its books, and opportunity to know how their accounts are kept, such knowledge on their part will be presumed.

In order to establish payment of money out of partnership funds upon claims against real estate so deeded to one of the members, evidence that mortgages have been so paid is competent without production of the mortgages; they are to be regarded simply as collateral to the principal fact.

(Argued March 21, 1876; decided March 28, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment entered upon a decision of the court at Special Term. (Reported below, 5 Hun, 407.)

The nature of the action and the facts are sufficiently stated in the opinion.

*Edward C. James* for the appellants. It was error to receive in evidence the compendium of entries in the books of Fairchild, Walker & Co., which it was claimed related to the property in question, and to receive evidence to explain the same. (*Baker* v. *Stackpoole*, 9 Cow., 420, 433; 2 R. S., 135, § 6; Laws 1860, chap. 322; *Cook* v. *Barr*, 44 N. Y., 156; *Taylor* v. *Herring*, 10 Bosw., 447, 456–457; *Steere* v. *Steere*, 5 J. Ch., 1; *Cripp* v. *Fee*, 4 Bro. Ch., 472; *Morton* v. *Teevart*, 2 T. & C., 66, 77.) There was no competent evidence of any agreement between the partners to make this purchase. (*Forsyth* v. *Clark*, 3 Wend., 637, 645, 651.) Evidence of what occurred at the auction was incompetent. (2 R. S., 136, § 4; *McComb* v. *Wright*, 4 J. Ch., 659; *First Bap. Ch.* v. *Bigelow*, 16 Wend., 28.) The evidence as to improvements was incompetent and immaterial. (*Rogers* v. *Murray*, 3 Paige, 390, 398; *Bottsford* v. *Burr*, 2 J. Ch., 405, 515.) Defendants could not testify directly that they did not read over the deed when given, or examine it and pronounce it right, or indirectly that they never read it and

did not know its contents, the grantee being dead. (Code, §
399; *Clark* v. *Smith*, 46 Barb., 30; *Dyer* v. *Dyer*, 48 id.,
190; *Stanley* v. *Whitney*, 47 id., 586, 588; *Grey* v. *Grey*, 47
N. Y., 553, 554.) Copartnership interest in real estate rests
wholly upon an agreement between the partners that it shall
be assets, even when it was bought with copartnership funds
and used for copartnership purposes. (*Hiscock* v. *Phelps*, 49
N. Y., 97; *Thompson* v. *Bowman*, 6 Wall., 316; 1 R. S.,
727, § 44; *Collumb* v. *Reed*, 24 N. Y., 505; *Buchan* v.
*Sumner*, 2 Barb. Ch., 165; Parsons on Part., 363, 366; *Cox*
v. *McBurney*, 2 Sandf. [S. C.], 561; *Coles* v. *Coles*, 15 J. R.,
159; *Smith* v. *Jackson*, 2 Edm. Ch., 28, 32; *Forsyth* v.
*Clark*, 3 Wend., 367.) An agreement which converts real
estate conveyed to one partner into assets of the firm cannot
be proved by parol. (*Bottsford* v. *Burr*, 2 J. Ch., 405, 415;
*Bartlett* v. *Pickersgill*, 1 Edm., 515; *Lathrop* v. *Hoyt*, 7
Barb., 59, 62, 63; *Smith* v. *Burnham*, 3 Sumn., 435; *Levy*
v. *Brush*, 45 N. Y., 589; *Hale* v. *Henrie*, 2 Watts, 144.)
Parol evidence of a partnership in lands is not admissible for
the purpose of establishing the interests of the partners as
between themselves. (3 Sumn., 435; *Henderson* v. *Hudson*,
1 Mump., 510; *In re Warren*, Davies, 323; *Hale* v. *Henrie*,
2 Watts, 144; *Ridgway's Appeal*, 15 Penn., 177; *Pitts* v.
*Waugh*, 4 Mass., 424; *Caddick* v. *Skidmore*, 2 DeG. & J.,
52; Story on Part., § 83; *Chester* v. *Dickinson*, 45 How.,
326; *Dale* v. *Hamilton*, 5 Hare, 369; 54 N. Y., 1; 2 Phil.,
266, 274; *Essex* v. *Essex*, 20 Beav., 442; *Bunnell* v. *Taintor*,
4 Conn., 568; *Levy* v. *Brush*, 1 Swe., 653; *Thompson* v.
*Bowman*, 6 Wal., 316.) There is no trust arising or result-
ing by implication or construction of law. (*Leman* v. *Whittey*,
4 Rus., 423, 426; *Smith* v. *Burnham*, 3 Sumn., 435, 463;
*White* v. *Carpenter*, 2 Paige, 241, 265; *Wray* v. *Steele*, 2 V.
& B., 388, 390; Perry on Trusts, § 132.)

*Wm. F. Shepard*, *L. Hasbrouck*, *Jr.*, and *Flamen B.
Candler* for the respondents. The taking of the deed in the
name of Fairchild, under the circumstances, vested in him

a resulting trust for the benefit of the firm. (*Freeman* v. *Kelly*, 1 Hoffm., 90, 97; *Bartlett* v. *Pickersgill*, 1 Edm., 515; *Wray* v. *Steele*, 2 V. & B., 388; *Lounsbury* v. *Purdy*, 18 N. Y., 515, 519; *Foote* v. *Bryant*, 47 id., 551; *Sierman* v. *Schurck*, 29 id., 508; *Day* v. *Roth*, 18 id., 448; *Grant* v. *Morse*, 22 id., 323; *Gilbert* v. *Gilbert*, 2 Abb. Ct. of App. Dec., 256; *Hosford* v. *Merwin*, 5 Barb., 58; *Chester* v. *Dickinson*, 52 id., 362; 54 N. Y., 1; *Van Brunt* v. *Applegate*, 44 id., 548–550.) The partners are joint tenants. (Col. on Part., § 123.) As to creditors of the firm this property is to be treated as partnership assets. (Pars. on Part., 363–366; Col. on Part. [Perkins' ed.], § 135; *Collumb* v. *Read*, 24 N. Y., 505; 49 id., 97; 5 Barb., 51–58; 44 N. Y., 544, 549; 54 id., 1.) The facts out of which a resulting trust may arise may be proved by parol. (*Reid* v. *French*, 11 Barb., 407; *Foote* v. *Bryant*, 47 N. Y., 551.) The testimony of E. H. Fairchild in regard to the conversation between his father, Walker and Coleman was competent. (*Lobdell* v. *Lobdell*, 36 N. Y., 327, 333; *Cary* v. *White*, 59 id., 336.)

Church, Ch. J. This is an action for partition among the heirs of Egbert N. Fairchild, of forty-eight vacant lots in the city of New York.

Egbert N. Fairchild, Stephen C. Walker, Isaac D. Coleman and Henry J. Brown, were copartners, and constructed the new reservoir in Central park, and also other public works. The copartnership was formed in 1858, and the lots in question were purchased in 1860, and a conveyance taken in the name of Fairchild only. The other copartners, including the widow and heirs of one of them who has since died, claim an interest in the property equal to their respective interests in the copartnership. The rights of creditors are not involved.

The judge who tried the case at Special Term found that the property was purchased by and for the benefit of the copartnership, and paid for with its funds, that taxes and incumbrances were also paid from such funds, and that it was

intended and understood by all the members of the firm that said property belonged to the firm assets, and all payments, expenses, etc., were kept upon the firm books. He further found that the other members of the firm consented, that Fairchild should take title for the firm, but that they did not consent that he should take the title absolute in his own name, without recognition of their interests, and they did not know that the deed was so taken.

If these findings are sustained by sufficient legal evidence, the legal conclusion arrived at by the learned judge is inevitable, viz.: That the other members of the firm are entitled to an interest in said property, according to their interest in the partnership. I do not understand that this general proposition is seriously disputed by the counsel for the plaintiffs, but he predicates his answer to the claim, first, upon the incompetency of the evidence admitted, and second, upon its insufficiency.

The fifty-first section of the statute of uses and trusts, provides that when a grant for a valuable consideration shall be made to one person, and the consideration paid by another, no use or trust shall result in favor of the person making the payment, but the title shall vest in the alienee, subject to the rights of creditors, as provided in section 52. The fifty-third section contains an exception in favor of the person paying the consideration, when an absolute conveyance is taken in the name of another without his consent or knowledge.

The Special Term decided in favor of the defendants upon two grounds: First, that a trust resulted to the defendants by the payment of the consideration, and that they could invoke the benefit of the exception contained in section 53; and, second, that the property was copartnership property, and should be treated as such, although the title was held by one member of the firm. It is insisted on behalf of the plaintiffs, that the admissions in the answer prevent the defendants from availing themselves of the exception contained in the fifty-third section. These admissions are: " That the conveyance was taken to and in the name of

Egbert N. Fairchild, for the purpose and convenience of the partnership, to the end that it might be more easily handled and pledged and disposed of for said copartnership purposes than if it stood in the individual names of all the members of said firm."

It cannot be disputed that this allegation is a distinct admission that the defendants knew that Fairchild was to take the title not only, but so take it as to be able to pledge and dispose of it in his own name, but it is not absolutely inconsistent with his taking it in a way to recognize their rights. It would probably have been sufficient for this purpose to have inserted a declaration that he took the title for the benefit of the firm, and that the property was partnership property in pursuance of an agreement between the members of the firm. Assuming the necessity of some such recognition in order to secure the interest of the other members of the firm, it may be presumed that they contemplated it, and hence that the failure to thus take it was a fraud upon them.

Upon the findings in the case, the authorities go far towards sustaining the decision upon this ground. (*Day* v. *Roth*, 18 N. Y., 448; *Lounsbury* v. *Purdy*, 18 id., 515; *Siemon* v. *Schurck*, 29 id., 598; *Foote* v. *Bryant*, 47 id., 544.) Parties are bound by the allegations in their pleadings, and by every reasonable intendment to be inferred therefrom, and it is, to say the least, a liberal construction in favor of the defendants, to hold that the statement in the answer, that the lots were conveyed to Fairchild for the purpose of pledging and disposition, is not an admission that they were conveyed precisely as the parties intended, especially in the absence of any intimation they were not. The tendency of the decisions is to sustain the equitable interests of parties in such transactions, whenever it can be done without a palpable violation of the statute, and following this tendency it may perhaps be held that the defendants are not concluded by their answer But looking at the real nature of the transaction as found by the judge, it seems to me more reasonable to hold that this property should be regarded as assets of the copartnership.

The findings are explicit, that it was purchased and paid for
by the firm as partnership property, and always treated as its
property in the payment of taxes and incumbrances, making
improvements, etc.   Real estate purchased for partnership
purposes and appropriated to those purposes, and paid for by
partnership funds, becomes partnership property, and it is
not material in what manner or by what agency the land is
purchased, or in what name it stands.   If it be established
that it belongs to the partnership, equity will hold the one in
whom is the legal title as trustee for the partnership.   (Par-
sons on Partnership, 363.)   When the land is conveyed to
the several partners it is not indispensable that it should be
actually used for partnership purposes, nor that a positive
agreement should be proved making it partnership property.
If it has been paid for with partnership effects it is then a ques-
tion of intention, whether the conveyance is to have its legal
effect, and the parties are to be treated as tenants in common,
or whether the land is to be treated as partnership property.
The manner in which the accounts are kept, whether the
purchase-money was severally charged to the members of the
firm, or whether the accounts treat it the same as other firm
property, as to purchase-money, income, expenses, etc., are
controlling circumstances in determining such intention, and
from these circumstances an agreement may be inferred.   (24
N. Y., 511.)

The rule, I apprehend, is the same in this respect when
the deed is made in the individual name of one of the part-
ners, as where it is made in the names of all the members of
the firm.   But a distinction is claimed to exist between cred-
itors and the members of the firm, and between the mem-
bers themselves in respect to the proof necessary to establish
the fact that the real estate is partnership property.   I do
not think such a distinction is recognized by the authorities.
In this country, real estate belonging to a partnership, for
the purpose of paying the debts and adjusting the equities
between the members of the firm, is treated as personal prop-
erty; and what remains is considered and treated as real

estate, which would go to the heirs of the partners according to their interests. This conclusion was reached by the chancellor in an elaborate opinion in *Buchan* v. *Sumner* (2 Barb. Ch., 165–200), reviewing all the American authorities; and was approved and adopted by this court in *Collumb* v. *Read* (24 N. Y., 505). The English rule gives to the real estate of a partnership the character and qualities of personal property as to all persons; and the remainder, after paying debts and adjusting the equities of the partners, goes to the personal representatives, and not to the heir, probably on account of the great injustice which would result by the laws of inheritance in England. (24 N. Y., 505; Parsons on Partnership, 370.) But the American rule, that the remainder descends to the heir, does not affect the character of the property as partnership effects, except that the incidents and qualities of real estate are revived. It is divided as so much money capital would be, but it resumes its original qualities. (Id., 385.) The same evidence, however, which would make it partnership property for the purpose of paying debts and adjusting the equities between the copartners would establish it for the purpose of final division. It would be incongruous to say that evidence which would be sufficient to establish that it was partnership property for the former purposes would fail for the latter purpose, and I can find no authority for such a distinction. Such a rule, while compelling one member of a firm holding the legal title as trustee for the partnership, to account and disgorge to the extent of making the accounts equal between the members of the firm, when that was accomplished, would enable him to rob his associates by pocketing the remainder.

A different question has been very much controverted both in this country and in England, and that is, whether a partnership or agreement between two or more persons to purchase lands can be proved, by parol, within the statute of frauds. The counsel for the plaintiffs contends that this question is involved in this case, and cited the case of *Smith* v. *Burnham* (3 Sum., 435) as an authority against the com-

petency of such evidence. It does so hold in an elaborate opinion by STORY, J. The correctness of this decision has been disputed by the Commission of Appeals, in *Chester* v. *Dickerson* (54 N. Y., 1), which, if necessary, we should probably feel bound to follow. But I do not think that question is involved here.

Proof of a partnership for the purpose of buying and selling lands, presents a different question from that which arises when an existing partnership purchases land for its use or benefit; and STORY, J., in delivering the opinion in *Smith* v. *Burnham* (*supra*), recognizes the distinction; he says: " It is not the case of a purchase confessedly paid out of the funds of an existing partnership for partnership purposes, and the deed taken in the name of one partner." In the latter case he concedes that a resulting trust would arise, while in the former he held that it would not; the difference being that in the former the trust results from the payment of the consideration, while in the latter it arises entirely from the contract.

Real estate purchased as partnership property is not within the prohibition of the statute. In the first place, it is not the case where the consideration is paid by one person and a conveyance taken in the name of another. The consideration is paid by all. It is not, therefore, within the letter of the statute. But a more substantial reason is, that property thus held is regarded as personal property, for the purpose of paying debts and adjusting the equities between the partners; and the individual member holding the legal title is a trustee for the partnership in respect to the property as personalty; and when the debts are paid and the claims of the several members as between themselves paid, the trust for partnership is discharged and a trust results to the other members of the firm, and the heirs of such as have died, in the remainder, by operation of law, which is saved by section 50 of the statute, and the holder of the legal title then becomes a trustee of such remainder, as real estate for the benefit of persons interested. Such a trust is not prohibited,

nor is it necessary for parties claiming the benefit of it to bring themselves within the exception in section 53. (*Lloyd* v. *Spillet*, 2 Atk., 150; 44 N. Y., 544, and cases before cited.)

It remains to consider the exceptions to the admission of evidence, and to the sufficiency of the evidence, to establish the facts found. Some of these objections are necessarily disposed of by the views before expressed. The point was taken that the entries in the firm books were incompetent, because made by the book-keeper, without affirmative proof that Fairchild saw them. It was proved that Fairchild had access to the books, and sometimes examined them, and had personal supervision of the office where the books were kept, and I infer had the financial management of the firm. From these circumstances it is properly inferable that he knew how the entries were made, and it is sufficient if they were competent. As a general rule, where members of a firm have access to the books, and opportunity to know how their accounts are kept, the presumption is that they do know.

It was proved that mortgages upon the lands were paid by the funds of the firm — by checks of the firm — and it was objected that the mortages and checks should have been produced. As to the checks, there was evidence tending to show that they had been burned, and I do not think it was strictly necessary to produce the mortgages. The material fact was the payment of money out of partnership funds upon claims against the real estate. The mortgages appeared in the accounts of the firm, and the payment of them, while it strengthened the evidence that the land was paid for by the firm, was not absolutely necessary for that purpose. The mortgages may be regarded as collateral to the principal fact, and not necessary to be produced.*

     \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

* The omitted portion of the opinion is taken up with the discussion and determination of questions presented by exceptions to the reception of evidence, not deemed of sufficient general importance to require publication.

It may be said, in respect to the exceptions to the admissibility of evidence, that the objections are very numerous, and nearly all of them general. The ground evidently taken by the learned counsel for the plaintiffs was, that it was incompetent to vary or alter the legal effect of the conveyance to Fairchild by parol evidence. As this general ground is not tenable, and as the principal and controlling facts were proved by competent evidence, an appellate court will not be critical to discover technical errors where no rule of law has been clearly violated, and it is evident that no injustice has been done.

The evidence produced, assuming its competency to sustain the finding that this was in fact partnership property, is ample for that purpose. No other conclusion could be arrived at from the evidence.

The defendants Beach and Barrowe, not having appealed from the judgment of the General Term, it is improper to review the point involved under the assignment from Mrs. Schreiner.

The judgment of the General Term must be affirmed.

All concur.

Judgment affirmed

