### BOGGS *v.* BIRD *et al.*

(*Supreme Court, General Term, Second Department.* May 11, 1891.)

PARTNERSHIP—SURVIVING PARTNERS—HEIR OF DECEASED PARTNER.

At the time of the death of one of two partners, they held certain valuable real estate as partnership property. The survivor took possession of all the partnership property, including the real estate, which he subsequently conveyed. The personal property of the firm was insufficient to pay the debts. *Held,* that an heir at law of the deceased partner could maintain an action to compel the surviving partner to account for the partnership assets, and to have the conveyance of the real estate by him declared a mortgage, and for a sale of such real estate, and a division of the proceeds among those entitled thereto; and that settlements between the surviving partner and the administratrix of the deceased, and between the surviving partner and his grantee of the real estate, were not conclusive against the deceased's heir at law.

Appeal from judgment on report of referee.

Action by William H. Boggs against Theodore S. Bird, James D. Leary, and Susan J. Boggs, individually and as administratrix of William Boggs, deceased. Defendants Bird and Leary appeal from an interlocutory judgment for plaintiff entered on the report of a referee.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George C. Eldridge,* (*George W. Miller,* of counsel,) for appellants. *James R. Steers, Jr.,* for respondent.

DYKMAN, J. The plaintiff in this action is the son of William Boggs, deceased, who died intestate in April, 1879, and who previous to his death was a copartner of the defendant Theodore S. Bird in the business of ship-building. At the time of the death of Boggs, he and Bird were the owners of valuable real estate which they held as partnership property, and the defendant Susan J. Boggs, the wife of William Boggs, was appointed the administratrix of his estate. Upon the death of William Boggs, the defendant Bird, as surviving partner, took possession of all the partnership property and assets, including the real estate, which he subsequently conveyed to the defendant James D. Leary. This action was commenced to compel the defendant Bird to account for the partnership property and assets, and have the conveyance from him to Leary of the real property declared a mortgage, and to have the real estate sold, and the proceeds divided among the parties entitled thereto. The cause has been tried before a referee, and he has made a report in favor of the plaintiff, upon which an interlocutory judgment has been entered thereon, from which the defendants Bird and Leary have appealed. The referee decided that the conveyance to Leary was a mortgage to secure the payment of the indebtedness to him, and that conclusion is so obviously just, and is so well sustained by the proof, that it requires no vindication or examination here. An objection is made to the maintenance of this action by the plaintiff as an heir at law, and while it is true that these actions are usually and properly instituted and carried on in the name of the personal representative of the deceased partner, yet, as the personal property of the firm in this case was insufficient to pay the partnership debts, and a sale of the real property of the firm will become necessary, the heirs at law of the deceased partner are necessary parties to the action to secure a conveyance of the title to the land. *Cheeseman* v. *Wiggins,* 1 Thomp. & C. 595. In this case the conveyance of the real property was taken in the name of both the partners, and while it belonged to the partnership, and is to be treated as personal property for all purposes of the firm, yet what remains after the debts are paid, and the equities between the members of the firm are adjusted, is considered as real estate which goes to the heirs of the partners. *Buchan* v. *Sumner,* 2 Barb. Ch. 165; *Collumb* v. *Read,* 24 N. Y. 505; *Fairchild* v. *Fairchild,* 64 N. Y. 478. These rules are sufficient to enable the plaintiff to maintain this action, and to justify the conclusion of the referee that the settlement between the defendants Bird and Mrs. Boggs, and between the defendants Bird and Leary, were not conclusive against the heirs at law of the deceased partner. There is no reason for interference with this judgment. The referee has made a full and fair examination and statement of the partnership affairs, and his report does ample justice to all the parties. The ends of justice will be attained by carrying the judgment into execution, and it should be affirmed, with costs.