Merrimack, }
June 2, 1903. }

### FOSTER, *Trustee,* v. SARGENT, *Assignee.*

Where real estate purchased with partnership funds is regarded by the owners as property of the firm, and is taxed as such and its income so treated, it is to be deemed partnership property although not actually used in the prosecution of the partnership business; and it is subject to the payment of debts of the copartnership, in preference to the claims of creditors of a member thereof.

ASSUMPSIT, by the trustee in bankruptcy of Prescott F. Stevens, to recover rents collected by the defendant, assignee of the firm of Stevens & Duncklee.   Facts agreed.   Transferred from the October term, 1902, of the superior court by *Wallace,* C. J.

In 1853, Prescott F. Stevens and Charles H. Duncklee formed an equal partnership which has continued to the present time. September 29, 1902, the members of the firm, as copartners and individuals, made a common-law assignment of all their property to the defendant, for the benefit of creditors.   In December, 1902, Stevens was adjudged a bankrupt upon a petition of his creditors. The plaintiff was elected trustee, and thereupon demanded one half of the rents collected by the defendant from certain real estate, claiming that the property was owned by Stevens and Duncklee as tenants in common.   The defendant maintained that the realty was partnership property, and refused to comply with the demand.

The real estate in question consists of five parcels with buildings thereon situate in Concord, and land in South Dakota, all the property having been acquired since the formation of the partnership and none during the last fifteen years.   The partnership and its members were solvent when the various parcels were bought and paid for.   A store building and a small portion of a block in the rear thereof have been used in carrying on the partnership business.   The remainder of the property has been rented.

The grantees are described as copartners in only two of the deeds.

When Stevens and Duncklee became partners they had no other property than that invested in their business. During the continuance of the partnership no accounting was ever made. Each member drew such sums as he required from the partnership funds, and was charged therewith upon the books. The receipts from the store and the rentals of the real estate were deposited in bank in the name of the firm. The pieces of real estate in question, and all additions and improvements, were paid for out of the firm deposit, or by partnership notes afterward paid out of that deposit, except a house and lot in Concord and the land in South Dakota, which were taken in satisfaction of loans made out of the partnership funds. Stevens and Duncklee always regarded the real estate as partnership property. Each parcel has been taxed in the name of the firm from the time of its acquisition.

The court ordered judgment for the defendant, and the plaintiff excepted.

*Mitchell & Foster*, for the plaintiff.

*Sargent, Niles & Morrill*, for the defendant.

REMICK, J. The question in this case, speaking broadly, is whether individual or partnership creditors shall have priority in certain real estate.

"It is a general rule that the funds of a partnership must be first applied to discharge the partnership debts, and that neither an individual partner nor his creditors have a claim to anything more than the surplus." *Ferson* v. *Monroe*, 21 N. H. 462, 466. Partnership real estate is subject to this rule like other partnership property. *Jarvis* v. *Brooks*, 27 N. H. 37 ; *Messer* v. *Messer*, 59 N. H. 375, 377. Conceding the rule, the plaintiff contends that the real estate in question, excepting the store building and lot designated in the record as "b," is not partnership property, and therefore not subject to the above rule of priority in behalf of partnership creditors.

Is it partnership property? In determining this question, it is well settled that the court is not concluded by the fact that the conveyance is to the partners in their individual character. Whatever the form of the conveyance, parol evidence is admissible to show a resulting trust in favor of the partnership. *Parker* v. *Bowles*, 57 N. H. 491, 495, 496 ; *Messer* v. *Messer*, 59 N. H. 375, 377 ; *Fairchild* v. *Fairchild*, 64 N. Y. 471, 477, 478,

479. It appears in the present case that all the real estate in controversy was acquired with partnership funds; that the partners have always understood and regarded it as partnership property; that it has always been taxed as such, and its income has always been so treated.

It is argued that the fund appropriated to the real estate in question should be treated by the court as so much surplus withdrawn from the partnership and applied to individual purposes. However proper this might be under some circumstances, it is wholly inadmissible in the present case, in view of the agreed fact that the partners understood, regarded, and treated the real estate and its income, like the fund with which it was obtained, as partnership property. *Collumb* v. *Read*, 24 N. Y. 505; *Fairchild* v. *Fairchild*, 64 N. Y. 471; *Bank of England Case*, 3 DeG. F. & J. 645.

It is further contended that although the real estate was obtained with partnership funds and was always treated as partnership property, still it cannot be so regarded consistently with the decisions of this court, because it has "never been used in any way in the partnership business, but has been rented to others"; and *Jarvis* v. *Brooks*, 27 N. H. 37, *Parker* v. *Bowles*, 57 N. H. 491, and *Messer* v. *Messer*, 59 N. H. 375, are cited to this effect.

In *Jarvis* v. *Brooks*, the real estate in question was used for partnership purposes; at least, the opinion proceeded upon that assumption. The question whether actual use in the partnership business must unite with purchase with partnership funds, on partnership account, in order to constitute real estate partnership property, was not before the court. Nor is what is there said inconsistent with the idea that real estate purchased with partnership funds may be partnership property, though not used in the prosecution of the partnership business. The court, adopting the words of *Story*, J., in *Hoxie* v. *Carr*, 1 Summ. 173, 182, 183, say: "The circumstance that the payment has been made out of the partnership funds, especially if the property purchased be necessary for the ordinary operation of the partnership business and be actually so employed, will afford a very cogent presumption that it was intended to be held as partnership property; and in the absence of countervailing circumstances, it will be absolutely decisive." This is far from saying that actual use in the partnership business *must* concur with payment from partnership funds, to warrant the conclusion that real estate is partnership property. The opposite of that is the more natural inference from the language used.

In *Cilley* v. *Huse*, 40 N. H. 358, not cited by the plaintiff, the

real estate in controversy was used in the partnership business; at least, such was the assumption of the court. Therefore, the question whether use was necessary to constitute it partnership property was not involved. Furthermore, it is there said: "Being paid for out of partnership funds, it [the real estate there in controversy] will be treated in equity as vesting in them, in their partnership capacity."

In *Parker* v. *Bowles*, the real estate in question was not purchased with partnership funds, and for that reason was held to be individual property. The question now under consideration was not present. Moreover, the court there say: "When land is purchased with partnership funds and for partnership purposes, there is an implication of law that the land is held for the partnership." It is nowhere said that real estate, in order to have the character of partnership property, must be actually employed in the partnership business.

In *Messer* v. *Messer*, the real estate under consideration was actually used in the partnership business. The question whether such use was necessary to make it partnership property was therefore not involved. Although there is language in the opinion which gives support to the plaintiff's contention in the present case, an examination of the authorities there relied upon makes it quite evident that the court did not intend to hold that purchase with partnership funds, purchase for partnership use, and use in the partnership business, are all three necessary to constitute real estate partnership property. In addition to the New Hampshire cases which we have already reviewed, the court cited Parsons on Partnership, *Dyer* v. *Clark*, 5 Met. 562, *Collumb* v. *Read*, 24 N. Y. 505, and *Fairchild* v. *Fairchild*, 64 N. Y. 471.

In Parsons on Partnership (*s.* 266) it is said "that the three elements . . . stated must unite, in order to make the real estate *necessarily* partnership property." (The italics are the author's.) This is quite different from saying that real estate cannot be partnership property unless the three elements unite. It is plain from the context that no such idea was in the author's mind. Expressly to the contrary is the note to the statement quoted, namely: "Whether real property shall become partnership stock or not, is a question of intention. . . . But this intention may, so far as all claimants except *bona fide* purchasers without notice are concerned, be held sufficiently established if the purchase is made with partnership funds, even without intended or actual use for partnership purposes, unless an express agreement appears vesting the beneficial as well as the legal interest in the grantee or grantees in the deed."

In *Dyer* v. *Clark*, the real estate involved was used in the part-

nership business. The question whether such use was necessary was not in issue. What is there said, in a general way, is as consistent with the theory that it was not, as that it was necessary.

In *Collumb* v. *Read*, spoken of as "the leading case in this country upon the subject," the court say : " Where the land was not purchased for partnership uses and there was no agreement making it partnership property, and yet it was paid for out of funds of the partnership or taken in the payment of debts due to it, the question between the two classes of creditors would be one of construction as to the intent of the partners in making the purchase. It might be that such a purchase would be made as an investment of realized profits. If, for instance, the purchase price should be charged to the separate accounts of the partners, that would be an indication that it was considered by them as an application of divided profits. If, on the other hand, the income should be carried into the books of the copartnership, or if the land itself should be included in the periodical inventories of stock in trade, there would be an inference more or less strong that it had been agreed to hold the estate as partnership property. . . . Where the price of land . . . is paid by copartnership money or effects, or it is taken in satisfaction of a debt due the concern, the real estate becomes partnership property, or is individual property, . . . as the intention of the purchasers shall appear to have been. It may be either one or the other."

In *Fairchild* v. *Fairchild*, the court said: "When the land is conveyed to the several partners, it is not indispensable that it should be actually used for partnership purposes, nor that a positive agreement should be proved making it partnership property. If it has been paid for with partnership effects, it is then a question of intention whether the conveyance is to have its legal effect and the parties are to be treated as tenants in common, or whether the property is to be treated as partnership property. The manner in which the accounts are kept, whether the purchase money was severally charged to the members of the firm, or whether the accounts treat it the same as other firm property as to purchase money, income, expenses, etc., are controlling circumstances in determining such intention, and from these circumstances an agreement may be inferred."

Thus, instead of supporting the proposition that use in the partnership business is necessary to make real estate purchased with partnership funds partnership property, the authorities cited in *Messer* v. *Messer* are to the opposite effect.

In *Bank of England Case*, 3 DeG. F. & J. 645, it is said: " There is no rule that where lands are bought by partners in

trade and are paid for out of partnership assets, they of necessity become part of the joint estate; nor on the other hand, that if they are not bought for the purposes of the partnership business, they are not joint estate; nor does the form of the conveyance settle the question, which must be determined with reference to all the circumstances of the case."

This conclusion of the English court, reached after full consideration of the various views urged by the plaintiff in the present case, accords, as we have seen, with the leading cases upon the subject in this country, and is, we believe, the correct conclusion. It is reasonable and is supported by the weight of authority. *Providence* v. *Bullock*, 14 R. I. 353; *Buchan* v. *Sumner*, 2 Barb. Ch. 165; *Deveney* v. *Mahoney*, 23 N. J. Eq. 247, 249; *Buck* v. *Winn*, 11 B. Mon. 320, 322; *Flanagan* v. *Shuck*, 82 Ky. 617; Note 54 Am. Rep. 792, 793; 27 L. R. A. 449, 455; Par. Part. *366, *367; 1 Lind. Part. 405, note 1; 1 Bates Part., *ss.* 280, 283, 285.

The circumstances of the present case, viewed in the light of the authorities to which we have called attention, leave no doubt that the real estate in question is all partnership property and subject to partnership in preference to individual debts.

*Exception overruled.*

CHASE, J., did not sit: the others concurred.