LEE R. LIEBERT, Plaintiff, *v.* JOSEPH REISS, Defendant.

Second Department, July 28, 1916.

Real property — when title unmarketable — foreclosure — failure to serve both of two partners who are judgment creditors of mortgagor.

Where two partners have recovered judgment against a mortgagor, it is necessary to serve both of them with a summons in a suit of foreclosure in order that the purchaser at the mortgage sale may obtain a marketable title. Service upon one of the judgment creditors is insufficient to cut off the lien of the other.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Joseph J. Schwartz*, for the plaintiff.

*Thomas H. Lipps*, for the defendant.

THOMAS, J.:

The question is whether plaintiff has a marketable title of land which he has agreed to sell to defendant. He has such title provided certain creditors, whose judgment was a lien on the land, were properly before the court in an action to foreclose a prior mortgage. The creditors were two copartners and as such recovered the judgment, and as such were both made parties to the foreclosure action, but the summons was served on only one of them. The usual judgment in foreclosure was entered, and the land sold under it. Did the court have jurisdiction of the partner not served? Section 1932 of the Code of Civil Procedure authorizes a judgment *for a sum of money* against all defendants jointly indebted therefor, although the summons was served on one or more, but not all of them. In such case the execution may be collected out of the personal property owned by the defendant not served jointly with those who were summoned, or any of them, and out of the real and personal property of the latter, or any of them. (Code Civ. Proc. § 1935.) In the foreclosure action the plaintiff does not

seek such remedy, but rather to recover judgment decreeing a sale and conveyance of the land which shall vest in the purchaser the interest of the mortgagor and mortgagee and bar each party to the action who was duly summoned and those affected by the notice of pendency of the action. (Code Civ. Proc. § 1632.) Was the partner not served summoned by service upon his copartner? The partner served did not own all the interest arising from the lien. It was owned by the members of the partnership for partnership purposes. One partner could not in his sole name recover judgment, nor could it be recovered in the name of the firm, as if the partnership were an entity. Either partner was empowered to receive payment on or for it, or to assign it or satisfy it. The judgment was applicable to the payment of firm debts, but, subject to the operation and liquidation of the partnership, there was a residuum of interest in each person. As the law does not recognize, for the recovery of the judgment, the partnership as an entity, or the right of one partner to represent all the partners, I do not perceive how both partners can be brought into court by summoning one. The plaintiff does not seek to pay the judgment, to satisfy it, or to do any one of the things that could be done through the agency of one partner, but rather to establish that the lien of the mortgage is prior to that of the judgment, and to convey to a purchaser the title, free from the lien of the judgment, so far as the mortgagee has power. To do that, the parties, who were required to be before the court to obtain the judgment and consequent lien, should be before the court in an action to discharge the lien and take away the property interest the owners of the judgment for a time acquired. Assume that the land had been sold on the judgment and purchased by the partners, and the land taken in their names. They would take the legal title as tenants in common, and in equity in trust for the firm (*Fairchild* v. *Fairchild*, 64 N. Y. 471), and after its use to adjust the equities between the parties and to pay creditors, the residue would go as real estate to the heirs of the several partners. (Id. 477; *Buchan* v. *Sumner*, 2 Barb. Ch. 165, 200.) I do not perceive how in principle both partners are summoned by service on one.

The defendant should have judgment for $500, without costs, in accordance with the terms of the submission.

STAPLETON, MILLS, RICH and PUTNAM, JJ., concurred.

Judgment for the defendant, without costs, in accordance with the terms of the submission.