MESSER & a. v. MESSER & a.

Real estate, purchased with partnership funds for the use of the partnership and used in the partnership business, is in equity regarded as assets of the partnership, and will be applied to the liquidation of partnership in preference to individual liabilities.

BILL IN EQUITY for foreclosure of a mortgage, dated May 31, 1876, on land and appurtenances described as follows : " Two thirds of a tract of land situate  *   *   *  with the buildings thereon, including a dwelling-house and appurtenances, and a hosiery factory and its appurtenances, including all the dams, water-wheels, fixtures, and fixed machinery therein, said factory being known as the Highland Lake Mills, the other third thereof being owned by George E. Shepard, with all the water-power and water privileges connected therewith, and all the machinery necessary to the operation of said factory, being the same conveyed to said Shepard and myself by William Marston, however bounded, with the storehouse on said premises, said premises being subject to the incumbrance of a hydraulic ram for the use of the Northern Railroad."

The premises in question were conveyed by said Marston to George E. Shepard and Richard O. Messer by deed of warranty,

in the usual form, dated May 23, 1874, being the same date as that of articles of copartnership hereinafter referred to. George E. Shepard, Stephen Felch, and Augustus Shaw filed answers to the bill. The answer of Shepard alleged that at the time of the execution of the mortgage the defendant and said Shepard were, and for a long time had been, copartners in business under the firm name of Shepard & Messer; that the said tract of land last described in the bill, with all the buildings and machinery and appurtenances as therein described, was and is the partnership property of said firm; that at the time of the execution of said mortgage the firm was and still is largely indebted to sundry persons, and that said property was necessary for the payment of the partnership liabilities; that on a full settlement of partnership affairs there will be a large balance due Shepard, to be satisfied from the partnership effects before any division thereof; that the property ought to be applied to the payment of the partnership liabilities before application of any part of it to the payment of the defendant's individual debts; and that the mortgage to the plaintiffs was of the defendant's individual and private interest in said property, and the notes secured thereby were his own private and individual indebtedness. The answers of Felch and Shaw also allege the existence of the partnership between the defendant and Shepard, and that the last described property in the mortgage constituted a part of the partnership capital; that said partnership firm was, at the date of the mortgage, and still is, largely indebted to the said Felch and Shaw severally, upon which indebtedness suits have been commenced, and said partnership property described in the mortgage attached.

The written articles of copartnership between Shepard and the defendants set forth, among other things, as follows: "The capital of the firm is to consist of $21,000, of which said Shepard is to provide one third part, and the said Messer the remaining two third parts. The purchase and improvement of real estate and machinery for the use of the firm is estimated at about $19,000 out of the $21,000 of capital, and the remainder of said capital is to be for the general use of the firm. The share and interest of each partner in the real estate and machinery with the improvements thereon, provided as aforesaid out of the capital, are to be in the proportion of one third part to said Shepard, and of two third parts to said Messer; and all gains and losses on said real estate, machinery, and improvements are to be shared and borne by each of them respectively in the same proportion. Said real estate, machinery, and improvements are to be occupied and used by the firm during its continuance in business, without any charge by either partner on account of the same; but repairs thereof for ordinary wear and all taxes thereon, during the continuance of the firm, are to be made and paid by the firm, and reckoned as expenses thereof. With the exception above provided in regard to real estate, machinery, and

improvements, all profit and losses of the firm, arising from and incident to its business, as herein contemplated, shall be shared and borne by the parties equally; and the benefit of the excess of capital provided by said Messer is considered as compensated and adjusted by the greater experience and skill of said Shepard in said business."

The land and appurtenances described in said mortgage are the same premises, machinery, and improvements referred to in the articles of copartnership. Subject to the plaintiffs' exception, that the evidence was incompetent because it tended to contradict the articles of copartnership, the defendant Shepard was permitted to testify that he and Richard O. Messer bought the mortgaged property together, as partners, and that it was paid for with money of the partnership. The question is reserved, whether, upon these facts, the plaintiffs are entitled to a decree for foreclosure.

*Flanders*, for the plaintiffs.

*Mugridge* and *Shirley*, for the defendants.

CLARK, J. It must now be considered as the settled American doctrine, that real estate purchased with partnership funds for the use of the partnership, and employed in the partnership business, is in equity regarded as assets of the partnership, and will be applied to the liquidation of partnership in preference to individual liabilities. Nor does it seem to be material in what manner or by what agency the land is bought, or in what name it stands. If it be established that it belongs to the partnership, equity will hold the one in whom is the legal title as trustee for the partnership. Pars. Part. 364; *Fairchild* v. *Fairchild*, 64 N. Y. 471; *Dyer* v. *Clark*, 5 Met. 562; *Jarvis* v. *Brooks*, 27 N. H. 37, 67; *Cilley* v. *Huse*, 40 N. H. 358; *Parker* v. *Bowles*, 57 N. H. 491, 495; Jones Mort., s. 119. From the written articles of copartnership, executed by Shepard and Messer at the time of the formation of the partnership, it appears that the capital of the firm was $21,000, of which sum $19,000 was to be invested in the purchase and improvement of real estate and machinery for the use of the firm, and the remainder to be used in the general business. A portion of the real estate in controversy was purchased on the day of the signing of the articles of copartnership, and the remainder at three different times within four months after; and in one of the conveyances the grantees are described as copartners. It is apparent, therefore, from the copartnership agreement, that the partners then understood and intended that the real estate should be regarded as a part of the capital or assets of the firm. It was purchased expressly for and used exclusively in the business of the firm, and had been so used for nearly two years prior to the date of the plaintiffs' mortgage. The partner Shepard testifies that he and Messer

bought the real estate together as partners, and that it was paid for with the money of the partnership. The plaintiffs' exception to this evidence, on the ground that it tended to contradict the articles of copartnership, is not well founded. Instead of contradicting, it is in harmony with them, and shows that the partners invested their capital as contemplated by the partnership agreement. The evidence was competent. *Jarvis* v. *Brooks*, 27 N. H. 37; *Collumb* v. *Read*, 24 N. Y. 505. In the present case, the three essential elements necessary to make the real estate partnership property are united, namely, purchase with partnership funds, purchase for partnership use, and use in the partnership business; and the plaintiffs' mortgage is invalid as against the creditors of the partnership.

*Bill dismissed.*

FOSTER, J., did not sit: the others concurred.