Sullivan, ⎫
June 5, 1917. ⎬

BENJAMIN F. THRASHER *v.* SUMNER H. LAWRENCE & a.

A partnership for the purpose of buying and selling land may be established by oral evidence, and the assets thereof may consist of rights to purchase and the purchase price.

Upon refusal to carry into effect a partnership agreement, the court will appoint a trustee to dispose of its property.

BILL IN EQUITY, to wind up a partnership. Hearing by a master who found that the plaintiff having acquired the right to purchase

two adjoining tracts of timber land for about half their value, entered into an oral agreement of partnership with the defendants "the terms of which were that in consideration that the plaintiff would share with the defendants the benefit of his efforts in securing the lots, and would look after and see to selling the same, the defendants were to furnish the money to pay for the lots, to pay all taxes assessed thereon, and other expense, if any, not included in what plaintiff was to do, and when the lots were sold, defendants were to receive the amounts advanced in payment by them for the lots, taxes and other expenses not included in plaintiff's undertaking, together with six per cent interest thereon from the date of said purchase to the date of sale, or other disposition of the lots, and then any amount of money received from the sale of the lots after taking out the foregoing items of payments and expenses on the part of the defendants, was to be divided equally between the plaintiff and the defendants. . . . The conveyances were made to said defendants respectively, because they advanced the purchase money, and to secure them for so doing." The court ordered judgment for the plaintiff on the master's report, and the defendants excepted. Transferred from the November term, 1916, of the superior court by *Branch,* J.

*Frank H. Brown* and *Hurd & Kinney* (*Mr. Hurd* orally), for the plaintiff.

*Martin & Howe* (*Mr. Howe* orally), for the defendants.

YOUNG, J. The only conclusion that can be drawn from the findings of the master is that the plaintiff bought the land with the assets, of the partnership, which consisted of his right to buy it for one half its actual value and the money contributed by the defendants. There is no finding or anything that can be construed as a finding that the defendants paid for the land or that their money paid for it. Since the land was bought with partnership assets, the defendants hold it as trustees for the partnership; *Parker* v. *Bowles,* 57 N. H. 491, 495; *Messer* v. *Messer,* 59 N. H. 375; *Foster* v. *Sargent,* 72 N. H. 170; and as they have refused to dispose of it for the benefit of the partnership the plaintiff is entitled to have a trustee appointed who will dispose of it and distribute the assets in accordance with the order of the court.

*Exception overruled.*

All concurred.