ELIZABETH W. GREENWOOD, Individually and as Executrix, etc., Respondent, *v.* ELIZABETH S. MARVIN, Individually and as Executrix, etc., Appellant.

Real estate purchased by a firm with its funds for partnership purposes is regarded in equity, so far as the firm and its creditors are concerned and so long as the partnership affairs remain unsettled, as personal property.

The interests of the respective members of the firm therein are not required to be established by deed or instrument in writing.

The creation of trusts as to such interests is not prohibited by the statute of uses and trusts.

*It seems* that after the dissolution of the firm, and after the claims of creditors are discharged and the equities of the respective partners in its assets determined and satisfied, such property, so far as it is preserved in specie and is awarded or conveyed to the respective members, loses its character of personal property and again becomes subject to the rule governing the devolution of real estate.

The question as to whether real estate is partnership property may be

determined on parol evidence, independent of the particular form which the transaction took or the name in which the title was taken.

Where an agreement is made between two partners for the purpose of hindering and delaying the creditors of one of them, by which the legal title to the firm property is transferred to the other, it is competent for them, in the absence of any interference by creditors, to rescind it at any time and to restore to each, a legal interest in the property.

One of two copartners, by an instrument in writing, conveyed to G., plaintiff's testator, "all of the property, both real, personal and mixed, owned by him in partnership." G. executed to his assignor an instrument in writing declaring, in substance, that he held the property and its net proceeds in trust for the assignor. The title to certain real estate which had been purchased and paid for by the partnership and for the purposes of its business, was held in the name of the other partner. *Held,* that the assignee could maintain an action for a dissolution of the partnership, a conversion of its assets into money, payment of firm debts, and an accounting between the copartners and determination of their respective interests in any residue of such property; that the assignment conveyed no present interest in specific articles of property, but simply gave the assignee power to procure its conversion into money and the distribution of any residue after payment of firm debts and adjustment of partnership equities in whatever form it might exist; that the assignment, therefore, was not void as being a transfer of real estate in trust for the grantor, but the right transferred was a mere chose in action, subject in respect to its mode of transfer to the rules regulating the disposition of personal property. (Code of Civil Pro. § 1910.)

In the complaint it was alleged that the real estate so held in the name of the other partner was purchased by and belonged to the firm. *Held,* that the averments as to the character of the assets were not improper, but were unnecessary; that the question of the ownership of the real estate was merely incidental to the main object of the action and would have arisen on the accounting if it had not been mentioned in the pleadings.

Also, *held,* that in any event the transfer was valid as against the assignor, and he having been made a party defendant to the action, was bound by any adjudication, and that the copartner or his personal representatives had no such interest in the question as allowed them to contest the validity of the assignment.

Also, *held,* that the right of the present plaintiff to continue the action upon the death of G. was adjudicated by the order substituting her as plaintiff, and could not be raised on appeal from the judgment.

(Argued October 23, 1888; decided November 27, 1888.)

APPEAL by defendants, the executors of George L. Marvin, from an order of the General Term of the Supreme Court in

the fifth judicial department, made October 21, 1887, which denied a motion for a new trial made under section 1001 of the Code of Civil Procedure upon exceptions after entry of an interlocutory judgment herein.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Wadsworth* for Percy L. Marvin, appellant. Real estate purchased for partnership purposes, and appropriated to those purposes, and paid for by partnership funds, becomes partnership property. (Parsons on Partnership, 363, chap. 11, § 2; *Fairchild* v. *Fairchild*, 64 N. Y. 471, 477.) It was not one of the purposes of the partnership to deal in real estate. (*Chester* v. *Dickerson*, 54 N. Y. 1) The land was not appropriated to partnership uses. (*Smith* v. *Jackson*, 2 Edw. Ch. 28; *Thompson* v. *Bowman*, 6 Wall. 317.) As the plaintiff has not shown that the land was bought for partnership use, or applied to such use, or paid for with partnership funds, it was not firm property, and Le Grand Marvin had no interest in it. (*Buckner* v. *Summer*, 2 Barb. Ch. 165; *Collumb* v. *Read*, 24 N. Y. 505; *Fairchild* v. *Fairchild*, 64 id. 471; *Buckley* v. *Buckley*, 11 Barb. 43; *Thompson* v. *Bowman*, 6 Wall. 317) The copartnership agreement of August 6, 1852, does not create any estate in these lands in Le Grand Marvin, nor give him any title thereto, or interest therein. (*Morrison* v. *Atwell*, 9 Bosw. 503, 510, 513.) When a copartner buys lands and takes the title to himself alone, no presumption arises that the lands are partnership property or assets. (*Ferris* v. *Van Vechten*, 73 N. Y. 113; Pomeroy's Eq. Jur. § 422.) The judgment and proceedings in the action of George H. Marvin against Le Grand and George L. Marvin, is not *res adjudicata* of the ownership of the land in question as between these parties. (*McKnight* v. *Baker*, 1 How. 201; *Tracy* v. *Tucker*, 7 id. 327; *Case* v. *Reeve*, 14 Johns. 79, 81; *Griswold* v. *Jackson*, 2 Edw. Ch. 460, 466; *Marvin* v. *Marvin*, 78 N. Y. 541, 542; *Brown* v. *Brown*, 2 E. D. Smith,

153; *Brennan* v. *Blath*, 3 Daly, 478; *Lucas* v. *E. S. Glass Co.*, 38 Hun, 581, 585; *Campbell* v. *Hall*, 16 N. Y. 575; *F. & C. Bk. of L. I.* v. *Sherman*, 33 id. 69; *Campbell* v. *Consalus*, 25 id. 613; *Barth* v. *Burt*, 17 Abb. Pr. 349; 3 R. S. [6th ed.] 899, § 11; *Pardee* v. *Van Aken*, 3 Barb. 534, 542; *Smart* v. *Bement*, 4 Abb. Ct. App. Dec. 253; *Bk. of Beloit* v. *Beale*, 7 Bosw. 611, 631; *Wadsworth* v. *Lyon*, 93 N. Y. 201; *Woodgate* v. *Fleet*, 9 Abb. Pr. 222, 238, 239; *Mathews* v. *Duryea*, 17 id. 256; 45 Barb. 69; *Baldwin* v. *Kimmel*, 1 Robt. 109; *N. F. Ins. Co.* v. *McKay*, 5 Abb. [N. S.] 445; *York* v. *Steele*, 50 Barb. 397; *McIntosh* v. *Town*, 49 id. 550; *Burwell* v. *Knight*, 51 id. 267; *Clemens* v. *Clemens*, 37 N. Y. 59; *Supervisors, etc.* v. *Budlong*, 51 Barb. 493; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Bissell* v. *Kellogg*, 60 Barb. 617; *Balmer* v. *Hussey*, 87 N. Y. 303; *Remington Paper Co.* v. *O'Dougherty*, 81 id. 474; *Webb* v. *Buckelow*, 82 id. 555; *Steuben Co. Bk.* v. *Alberger*, 61 How. 227; *Slater* v. *Truax*, 13 Week. Dig. 218.) Testimony of oral declarations or admissions of parties is always unreliable and of little value, especially when a long time has elapsed between the alleged making thereof and the testifying thereto. (Greenl. on Ev. [5th ed.] 123, § 96; *Law* v. *Merrills*, 6 Wend. 268, 277; *Garrison* v. *Akin*, 2 Barb. 25, 27, 23.) The legal presumption is that George L. Marvin was the sole owner of this property. (*Bogardus* v. *Trinity Church*, 4 Sandf. Ch. 676.) The court can only consider plaintiff's rights as an individual and as executrix, and not as a trustee; she is not before the court in that capacity. (*Austin* v. *Munro*, 47 N. Y. 360.) Neither partner could bind the other to the purchase of real estate without the other's consent. (*Thompson* v. *Bowman*, 6 Wall. 316.) Where partners pay money on a business foreign to the partnership concerns, though with their joint funds, this is *pro tanto* a severance of their funds. (*Gould* v. *Gould*, 8 Cow. 168; 6 Wend. 263; *Smith* v. *Jackson*, 2 Edw. Ch. 28; *Coles* v. *Coles*, 15 Johns. 159; 3 R. S. [7th ed.] 2181, § 51; *Garfield* v. *Hatmaker*, 15 N. Y. 475.) Even if Le Grand Marvin's title to this real estate had been good, the

plaintiff cannot maintain this action, because the trusts sought to be created in favor of Le Grand Marvin by Greenwood's declarations of trust are invalid and void. (3 R. S. [7th ed.] 2180, §§ 45, 49; Id. 2181, § 55; Id. 2182, §§ 58, 59, 73, 74, 76–79, 94; *Heermans* v. *Robertson,* 64 N. Y. 332; *Fellows* v. *Heermans,* 4 Lans. 230; *Downing* v. *Marshall,* 23 N. Y. 366; *Yates* v. *Yates,* 9 Barb. 324, 332, 340; *Maurice* v. *Maurice,* 43 N. Y. 303; *In re Hall,* 24 Hun, 153.) A power in trust is not beneficial merely because the trustee is to be compensated for his services. (*McDonough* v. *Loughlin,* 20 Barb. 238; *Corse* v. *Leggett,* 25 id. 389.) As all the duties enjoined upon Greenwood in regard to the lands could be discharged under a power, he took no estate. (*Tucker* v. *Tucker,* 5 N. Y. 408; *Heermans* v. *Robertson,* 64 id. 332.) Upon the death of Simon L. Greenwood the trust, then unexecuted, vested in the Supreme Court, and did not descend to his heirs, nor pass to his personal representatives; and the court has not appointed the plaintiff to execute the trust. (3 R. S. [7th ed.] 2183, § 68; *Hawley* v. *Ross,* 7 Paige, 103, 107; *Wells* v. *Wallace,* 2 Redf. 58; *Curtiss* v. *Smith,* 60 Barb. 9; *Fonda* v. *Penfield,* 56 id. 503; *Holden* v. *N. Y. & E. Bk.,* 72 N. Y. 286, 297.) Both trustees must act; a trustee cannot divest himself of title by renunciation, but only by order of the court. (3 R. S. [7th ed.] 2183, § 69; *Thatcher* v. *Candee,* 3 Keyes, 157; 33 How. 145; *Ross* v. *Roberts,* 2 Hun, 90; *Dunning* v. *Ocean N. Bk.,* 6 Lans. 296; *Brennan* v. *Wilson,* 71 N. Y. 502; *Holden* v. *N. Y. & E. Bk.,* 72 id. 286, 297.) Although a trust of personalty is not within the statute of uses and trusts, and may be created by parol for any purpose not forbidden by law, delivery is necessary to pass the title and create the trusts. (*Gilman* v. *McArdle,* 99 N. Y. 451; *Stellheimer* v. *Stellheimer,* 2 N. Y. S. Rep. 358; *Meiggs* v. *Meiggs,* 15 Hun, 453; *Martin* v. *Funk,* 75 N. Y. 134; *Pierson* v. *Drexel,* 11 Abb. N. C. 150.) The trust was a mere passive trust; it really amounted to nothing; its object was not to create a trust in good faith, but to defeat Mrs. Le Grand Marvin's dower; "a mere passive trust" to hold property for another's

use cannot exist in this state. (*Kittel* v. *Osborn*, 1 Hun, 613, 614.) Le Grand Marvin created the trust, or power in trust, and was himself the beneficiary, and there can be no power in trust without an appointee or beneficiary other than the donee of the power. (*F. T. & T. Co.* v. *Corrall*, 5 Barb. 613, 616, 652, 653; *Fellows* v. *Heermans*, 4 Lans. 256, 257.) Even if the land in question was beneficially the property of Le Grand and George L. Marvin, as copartners, although the title was in George alone, that does not make it personal estate for any purpose. (*Fairchild* v. *Fairchild*, 64 N. Y. 477–479; *Buckley* v. *Buckley*, 11 Barb. 43; *In re Codding*, 9 Fed. Rep. 849, note 851; 16 West. Jur. 194; *Savage* v. *Burnham*, 17 N. Y. 561.) The parties to the trust cannot now disavow their own acts and treat that as personalty which, in the creation of the trust and the devise of the trust estate, they called and treated as real estate. (*Reid* v. *Sprague*, 72 N. Y. 457; *Heermans* v. *Robertson*, 64 id. 332.) The conveyance by Le Grand Marvin to Greenwood is absolutely void, because, when it was made, the lands were in the actual possession of George L. Marvin, who claimed them under a title adverse to that of Le Grand. (3 R. S. [7th ed.] 2516, §§ 5, 6; *Webb* v. *Bindon*, 21 Wend. 98; *Howard* v. *Howard*, 17 Barb. 663; *Pepper* v. *Haight*, 20 id. 429.) The equitable conversion of partnership lands into personal property is not complete; it is limited to the payment of partnership debts, and to the settlement of partnership affairs; it does not extend to the devolution of the estates of the individual partners. (*Foster's Appeal*, 74 Penn. St. 391, 397; *Estate of McAvoy*, 12 Phila. 83; 3 Pom. Eq. Jur. 134, § 1166; *Bennett* v. *Rosenthal*, 11 Daly, 91, 94; *In re Codding*, 9 Fed. Rep. 849, note 851; 16 West. Jur. 194.)

*Spencer Clinton* for Elizabeth S. Marvin, appellant. The plaintiff cannot maintain this action, for the reason that no title vested in her testator under the assignment from Le Grand Marvin. (3 R. S. [7th ed.] 2181, §§ 58, 59; Id. 2180, 2182.) Real estate belonging to a partnership for the purpose of paying the debts and adjusting the equities between the members

of the firm, is treated as personal property, and what remains is considered and treated as real estate, which would go to the heirs of the partners according to their interest. (*Fairchild* v. *Fairchild*, 64 N. Y. 471, 479.) The primary trust in the partner holding the title is maintained by treating the realty as personalty, and he is thus prevented from defrauding his copartner. But it would not follow that the law will permit the lands to be the subject of another or secondary trust which would be void as a trust of real estate. (*Holmes* v. *Mead*, 52 N. Y. 332.) The court erred in holding that the question of these lands, being partnership assets, was *res adjudicata*. (*Stowell* v. *Chamberlain*, 60 N. Y. 272, 277 ; *Bell* v. *Merrifield*, 109 id. 203.)

*Adelbert Moot* for respondent. The real estate involved in this litigation was partnership property. (*Berkshire Woolen Co.* v. *Jullard*, 75 N. Y. 538 ; *Lawrence* v. *Fox*, 20 id. 269 ; *Little* v. *Banks*, 85 id. 258 ; *Fairchild* v. *Fairchild*, 64 id. 471 ; *Newton* v. *Hook*, 48 id. 675 ; *Village of Port Jervis* v. *Bank*, 96 id. 550 ; *Webb* v. *Buckelew*, 82 id. 555, 559 ; *Collins* v. *Bennett*, 46 id. 490 ; *Jarvis* v. *Driggs*, 69 id. 143 ; *Hallock* v. *Dominey*, 69 id. 340 ; *Fairchild* v. *Fairchild*, 5 Hun, 407 ; 67 N. Y. 471.) The consideration having been paid by the firm, there is a resulting trust by which, as a matter of law, George L. Marvin is held to have received and retained title to the property for the firm. (*Robbins* v. *Robbins*, 89 N. Y. 251, 258 ; 11 Pomeroy's Eq. Jur. 605, 609, §§ 1031, 1037, 1038 ; *McCartney* v. *Bostwick*, 32 N. Y. 58 ; 2 Pomeroy's Eq. Jur. 614, § 1042 ; 2 R. S. 728, §§ 45, 51 ; 3 R. S. [7th ed.] 2180, § 51 ; *Savage* v. *Burnham*, 17 N. Y. 561 ; 1 Abb. Ap. Cases, 253 ; *Fairchild* v. *Fairchild*, 64 N. Y. 471, 477, 479 ; 27 Alb. L. Jour. 185, note decision Ohio Sup. Ct. ; *Smith* v. *Jackson*, 2 Edw. Ch. 28 ; *Collumb* v. *Reed*, 24 N. Y. 505 ; *Foote* v. *Bryant*, 44 id. 544; *Gilman* v. *Reddington*, 24 id. 12 ; *Gilman* v. *McArdle*, 99 id. 456 ; 2 Daniels on Neg. Instruments [3d ed.], § 1261, and notes.) The judgment in the action of *George H. Marvin* v.

*Le Grand Marvin and George L. Marvin*, and the subsequent proceedings, are *res adjudicata* of the matter in controversy herein. (Freeman on Judgment, §§ 162–168, 174, 247, 249, 254–255; *Tuska* v. *O'Brien*, 68 N. Y. 446; *Peck* v. *Callagan*, 95 id. 73; *Leavitt* v. *Wolcott*, Id. 212; *Village of Port Jervis* v. *First Nat. Bk.*, 96 N. Y. 550; Abb. Trial Ev. 826–834; *Osterhout* v. *Rigney*, 98 N. Y. 223; *Hyland* v. *Baxter*, Id. 610; *Pray* v. *Hegeman*, Id. 351; *Murray* v. *Berdell*, Id. 480; *Lorillard* v. *Clyde*, 102 id. 59; *Griffin* v. *L. I. R. R. Co.*, Id. 449; *Carpenter* v. *Osborn*, Id. 552; *Milne* v. *Deen*, 7 Sup. Ct. Rep. 106, 107.) Defendants are privy in estate to George L. Marvin, and hence estopped by the judgment. (*Buchan* v. *Van Zandt*, 7 N. Y. 523; *Port Jervis* v. *First Nat. Bk.*, 96 id. 550; *Leavitt* v. *Wolcott*, 95 id. 212.) The law pronounces the undisputed and unexplained documentary evidence of plaintiff conclusive evidence that the lands in question were lands of the firm, hence the mere deed to George L. Marvin gives him no title except in trust for the firm. (*Dyer* v. *Clark*, 5 Met. 581; *Foote* v. *Bryant*, 47 N. Y. 544; *Mattock* v. *Mattock*, 5 Ind. 403; *Buchan* v *Sumner*, 2 Barb. Ch. 165, 200; *Coster* v. *Clark*, 3 Edw. Ch. 428, *Fairchild* v. *Fairchild*, 64 N. Y. 471, 477; *Traphagen* v. *Burt*, 67 id. 30) Elizabeth S. Marvin is only entitled to dower in that portion of her husband's share of the property involved which shall remain after settling his partnership affairs and the accounts as between the partners. (Code, § 488, sub. 4; *Groshen* v *Traders' Nat. Bk.*, 12 Hun, 149; *Treviss* v. *Myers*, 67 N. Y. 542; *Mattock* v. *Mattock*, 5 Ind. 403.) This action is well brought and can be maintained. (Story on Partnership [7th ed.] §§ 307, 308, note 1; *Marquand* v. *N. Y. Mfg. Co.*, 17 Johns. 525; *Morss* v. *Gleason*, 64 N. Y. 204; *Staats* v. *Bristow*, 73 id. 264; *Tarbell* v. *West*, 86 id. 280; *Second Nat. Bk.* v. *Burt*, 93 id. 245; *Gilman* v. *Reddington*, 24 id. 12, 13; *Foote* v. *Bryant*, 47 id. 544; *Gilman* v. *McArdle*, 99 id. 456; *Brown* v. *Mayor, etc.*, 66 id. 391; *Leavitt* v. *Wolcott*, 95 id. 222; *Trimmer* v. *Marsh*, 54 id. 599, 606;

*Howell* v. *Leavitt*, 96 id 617 ; *Hair* v. *Clews*, 6 Sup. Ct. Rep. 155 ; 22 C. L. J. 214 ; 1 Pomeroy's Eq. Jur. 257, § 251 ; Id. 251, §§ 242, 276 ; *Van Schryver* v. *Mulford*, 59 N. Y. 426 ; *Welles* v. *Yates*, 44 id. 531 ; *Fairchild* v. *Fairchild*, 64 id. 478.) If no evidence was excluded that would have wiped out the vital defenses of defendants, or if admitted would have established a defense false in principle, the judgment must stand. (Code, § 1003 ; *Church* v. *Kid*, 3 Hun, 259 ; *Marvin* v. *Marvin*, 11 Abb. [N. S.] 102 ; *King* v. *Whaley*, 59 Barb. 71 ; *Apthrop* v. *Comstock*, 2 Paige, 482 ; *In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 346, 347 ; *Bean* v. *Tonnele*, 94 id. 385.) Elizabeth S. Marvin is not entitled to a jury trial in this action. (*Harrington* v. *Bruce*, 84 N. Y. 104 ; *Coster* v. *Clark*, 3 Edw. Ch. 428 ; *Buchan* v. *Sumner*, 2 Barb. Ch. 200 ; *Mattock* v. *Mattock*, 5 Ind. 403 ; *Cogswell* v. *Central*, 35 Alb. L. J. 473.)

RUGER, Ch. J. This action was originally brought by Simon L. Greenwood, assignee of Le Grand Marvin, to procure a dissolution of the partnership theretofore existing between Le Grand and George L. Marvin ; an adjudication as to what constituted the assets of the firm ; the conversion of such assets into money ; the payment of the firm obligations, and an accounting between the respective members in regard to all their partnership transactions, and a determination of their several interests in the residue of such property.

The complaint contained express allegations that certain real property, therein specifically described, was partnership property and constituted a part of the firm assets.

The original answer of the defendants, while admitting the existence of the partnership, stated, with respect to the allegations relating to the ownership of the real property, as follows: "And they deny that said Le Grand and George L. Marvin, as copartners, owned or held in the name of said George L. Marvin, as trustee, or otherwise, the real estate mentioned or described in said complaint, or any part thereof, or that they were at any time copartners in any real estate

purchased with money or means charged to the respective partners; and said defendants deny that in any real estate mentioned or described in said complaint, the legal title to which is in the said George L. Marvin, said Le Grand Marvin had had at any time any interest whatever, except such as he may have obtained under and by virtue of a certain instrument in writing executed by the said Le Grand and George L. Marvin, of which the following is a copy." (Then follows a copy of a partnership agreement between the parties executed in 1852, which is hereinafter recited, so far as it is material to the questions in this case.)

This answer is plainly evasive and leaves the question of the ownership of the real estate, in terms, to depend upon the construction to be given to the agreement of 1852.

Upon the trial of the action before the court without a jury, an interlocutory judgment was rendered determining that certain portions of the real estate described in the complaint, were partnership property, and ordering a reference to take an account of the partnership affairs. This judgment was affirmed upon appeal to the General Term, and from such judgment the defendants appeal to this court.

It is not our intention to enter into a detailed examination of the evidence in the case, inasmuch as that duty has been most fully and satisfactorily performed by Mr. Justice SMITH in his opinion at General Term, and we will, therefore, refer to such additional facts and considerations only as have been suggested upon the argument in this court.

It has already been seen that the main question in the case is whether certain real estate, purchased during the existence of the partnership and title taken in the name of George L. Marvin, was partnership property and belonged to the firm, or was the individual property of George L. Marvin. As found by the trial court, the parties formed a partnership under the firm name of Le Grand & George L. Marvin, to do a land-agency and real estate business at Buffalo, in 1838, which continued without practical change in its mode of doing business until 1864, when it was term-

inated by mutual consent. A written agreement of partnership was executed at the organization of the firm in 1838, by which the members were to become equal partners in a business already established, and which had for some time been carried on by Le Grand alone, and called "Law and agency business and business appertaining thereto." In 1842 other written agreements were made between the parties by which it was provided, among other things, that the original firm was dissolved, but that its members should still continue the partnership, and complete the business of the old firm, but that George L. should be the legal owner of the property employed and acquired in such business, but should pay to Le Grand for his services his expenses, provided they did not exceed one-half the net profits of the concern, and should account to him for such net profits. In 1852 a third agreement was made between them, by which, among other things, it was provided that the partnership firm should continue at the equal benefit and risk of the respective parties, and declaring that "the real estate and the interest therein of said parties, whether standing in the name of said Le Grand or George, shall be and are for the equal benefit and interest of said parties, share and share alike, subject to all liabilities. * * * The personal property of said parties is now the equal property of said parties, share and share alike," with a single exception not now important to notice.

It further appeared that no settlement of partnership accounts had ever been had between the members of the firm, and although they kept books of account, they were kept in such a manner that it was impossible to determine accurately therefrom how much either of the members of the firm had drawn from, or paid to, or for the firm, or what the respective interest of the parties were in the partnership assets.

It did appear, however, that the purchase-price of the real estate in question, which was mainly acquired in 1842, was paid from partnership funds, and the taxes and expenses thereon were

generally paid indifferently by either member of the firm; and its rents, issues and profits had been collected, received and accounted for to the firm as firm property, indifferently by each of the parties. Much other evidence was also given in relation to this subject upon the trial, including the making of express and implied admissions and declarations by George L. Marvin in connection with the possession, occupation and leasing of such real estate, that the same belonged to the firm. Some declarations, written and oral, of Le Grand Marvin, made mostly between the spring of 1842 and the year 1852, to the effect that George L. Marvin was the owner of the property, were testified to on the part of the defendants; but we ascribe little weight to them, inasmuch as there were obvious reasons, fully disclosed in the negotiations leading to the purchase of the property, on account of which, at the time, it was thought best, by all parties, that the title thereto should be vested in George L. Marvin, and the same reason which dictated that course, would continue to influence any declarations thereafter made by Le Grand in reference to the subject. The only change made in the rights of the parties, by the agreement of 1842, was to place the legal title of their property and acquisitions in George L. Marvin instead of in the firm.

The equitable rights of the parties were to remain the same; the legal owner was to account to the other party for the net profits of the business, and no other mode of division is suggested than that of equality. If, therefore, that agreement effected any change in the relations of the parties, it operated as a temporary expedient to bridge over the period of Le Grand Marvin's pecuniary embarrassment, presumably with a view of restoring the original relations of the parties at some future time when it would be safe to do so. If that agreement was executed, as seems very probable, with the view of hindering and delaying the creditors of Le Grand, it was still competent for the parties, in the absence of interference by creditors, to rescind it at any time, and to restore to each other an equal legal interest in the property acquired under such agreement.

We think this was intended to be accomplished by the contract of 1852. That agreement amounted to an unqualified acknowledgment by George L. Marvin, that the parties had theretofore dealt in and acquired real estate and owned such property as partners, although it nominally stood in the name of George L. Marvin, and that such property was intended to be subjected to the obligations of the last partnership agreement. It did not purport to convey any property or create any title, but it acknowledged that the property previously acquired by the parties, both real and personal, belonged in equal proportions to the respective members of the firm.

The appellants refer to the finding of the trial court that Le Grand Marvin did not acquire any interest in the real estate by the contract of 1852, and claim that the plaintiff, not having appealed from such finding, is bound thereby, and cannot now question it. It is undoubtedly true that he did not acquire his interest at that time, inasmuch as the contention of the plaintiff is, that it was acquired at the time the property was bought, and that finding, therefore, is not inconsistent with the position that the contract of 1852 is most persuasive evidence of the secret trust upon which the property was originally obtained by George L. Marvin. If effect be given to all of the language employed by the parties in the agreement, it is not possible to give any substantial operation to this clause of the contract, without holding it to apply to the lands in controversy, standing in the name of George L. Marvin. The writing, like the other partnership agreements, is ambiguous in its language, and requires extrinsic evidence to explain the nature of the business and the identity of the property referred to therein. Parol evidence for this purpose was entirely competent, and has been given with such fullness that nothing is left uncertain with reference to those questions. (*Fairchild* v. *Fairchild*, 64 N. Y. 471.) The question, therefore, as to whether the lands in dispute constituted partnership property, was one of fact upon all of the evidence in the case, and was determinable by parol evidence independent of the particular form which the

transaction took, or the name in which the title was taken. (*Chester* v. *Dickerson*, 54 N. Y. 1; *Fairchild* v. *Fairchild*, *supra*.)

The negotiations for its purchase were mainly conducted by Le Grand, and when it was consummated by the delivery of the joint and several notes of George L., Asa and Le Grand Marvin in payment of the purchase-price, Le Grand took an active part in the subsequent management and control of the property, and contributed to the payment of the obligations given upon its purchase.

Considering the equivocal character of the answer; the evident intent of the agreement of 1842; the unqualified acknowledgments of the contract of 1852, and the implied as well as express admissions of George L. Marvin subsequent to that time, it is conceding to the appellants in this case all that can fairly be claimed for them, that they have made a question of conflicting evidence as to the ownership of the property in dispute, calling for a finding of fact by the trial court.

The findings that such property was purchased for partnership purposes and paid for with partnership funds, having been affirmed by the General Term, are necessarily conclusive upon us as to the ownership and character of the property.

Real estate purchased by a partnership firm for partnership purposes with partnership funds, is regarded in equity, so far as the firm and its creditors are concerned, as personal property.

Widows are not dowable therein. (*Sage* v. *Sherman*, 2 N. Y. 417.)

The interests of the respective members of the firm in such property are not required to be established by deed or instrument in writing under the statute of frauds. (*Chester* v. *Dickerson*, 54 N. Y. 1; *Robbins* v. *Robbins*, 89 id. 251.) And the creation of trusts as to such interests is not prohibited by the statute of uses and trusts. (*Fairchild* v. *Fairchild*, 64 N. Y. 471; *Marvin* v. *Marvin*, Ct. of App., MSS. opinion by ALLEN, J.; *Robbins* v. *Robbins*, *supra*.)

After the dissolution of a firm, and the claims of its creditors are discharged, and the equities of the respective partners in its assets are determined and satisfied, such property, so far as

it is preserved in specie, and is awarded or conveyed to the respective members, undoubtedly loses its character of personal property and again becomes subject to the rules governing the devolution of real estate. But so long as the partnership affairs remain unsettled, like all other assets of the firm, its real estate is equitably pledged to creditors, and liable to be absorbed and disposed of in the process of liquidating the firm debts, and satisfying the claims of the respective partners as against each other.

As was said by CHURCH, Ch. J., in the *Fairchild Case:* " The English rule gives to the real estate of a partnership the character and qualities of personal property as to all persons, and the remainder, after paying debts and adjusting the equities of the partners, goes to the personal representatives and not to the heir, probably on account of the great injustice which would result by the laws of inheritance in England. * * * But the American rule, that the remainder descends to the heir, does not affect the character of the property as partnership effects, except that the incidents and qualities of real estate are revived. It is divided as so much money capital would be, but it resumes its original qualities. The same evidence, however, which would make it partnership property for the purpose of paying debts and adjusting the equities between the partners, would establish it for the purpose of final division."

In this action we are concerned only with the character which the law ascribes to partnership property while in the hands of the firm as a legal entity, having absolute power of disposition thereof, for the purposes of the partnership business. When it becomes released from the trust imposed upon it as partnership property, it doubtless resumes the usual characteristics of real estate ; but it is quite probable that such a result may never happen in this case, as one of the principal objects of the action is to secure its sale for the purpose of paying firm debts, which appear to exist in considerable amounts.

It is claimed by the respondent that the question as to the

ownership of this real estate has been previously adjudicated in an action between George H. Marvin and Le Grand Marvin, in which George L. Marvin was a privy and bound by the decision of the case. We think there is much reason for this contention; but do not consider it necessary to pass upon it in view of the similar result reached upon the other branch of the case.

A further claim is made by the defendants, that the plaintiff has not such an interest in the subject of the action as entitles her to maintain it. The argument is that the conveyance from Le Grand Marvin to Simon L. Greenwood was void as being a transfer of real estate in trust for the benefit of the grantor, and was not one of the trusts authorized to be created by the statute of uses and trusts.

We have already seen that such property, until discharged from the trust under which it was held as partnership property, cannot be regarded as real estate for any purpose. This action is not brought for the purpose of recovering the possession of real estate or affecting its title. The question of the ownership of the real estate is merely incidental to the main object of the action, and would have arisen in the same manner upon a partnership accounting if the real estate had not been mentioned in the pleadings. (*King* v. *Barnes*, 109 N. Y. 267.)

It was not improper to refer in the complaint to the character of the partnership assets, but it was wholly unnecessary in order to secure an accounting as to partnership affairs. If, however, we examine the character of the transfer from Le Grand Marvin to Greenwood, it will be seen that it does not purport to create a trust in real property; and if such property does come to the hands of the assignee, it will result from the contingencies attending the judicial settlement of the partnership estate, and not through the force of the transfer to him. The evidence shows that Le Grand Marvin, before the commencement of the action, conveyed by an instrument in writing to Simon L. Greenwood, his heirs and assigns forever, all of the property, both real, personal

and mixed, owned by him in partnership with George L. Marvin. It also appeared that Greenwood, on the same date, executed and delivered to Le Grand an instrument in writing declaring, in substance, that he held the property and its proceeds, after deducting therefrom payment for his disbursements and services in managing, selling and taking care of the same, in trust, to and for the use of Le Grand.

The legal effect of the assignment referred to was to vest in the assignee the power of calling the other members of the firm to account, and to enforce the rights of Le Grand in any surplus in the assets which might remain, after liquidation of the firm's obligations, and the adjustment of partnership equities. It gave no present interest in specific articles of property, but armed the assignee with power to procure its conversion into money by sale, and the distribution of any residue of the proceeds, in whatever form they might exist, to the respective members, according to their interests therein. The right thus transferred was a mere chose in action, subject, in respect to its mode of transfer, to the rules regulating the disposition of personal property alone. (§ 1910, Code of Civil Pro.) We are not able to see any point of view from which the appellant's contention can be supported. A large portion of the property conveyed was, confessedly, personal property, in respect to which the provision of the statute of uses and trusts confessedly has no application. The trust as to such property, if one was created, was undoubtedly valid, and conferred a right of action upon the assignee to enforce an accounting as to all the partnership assets. But the declaration of trust was confined to the interest passing by the assignment, and, as we have seen, that instrument conveyed no legal interest in the real estate of the firm.

It may further be said that this claim of the appellant is in the nature of a plea in abatement, and assumes the right of Le Grand Marvin to recover his interest in the partnership assets, but insists that the plaintiff has not succeeded to his rights. Such a plea is styled a dilatory one, as it does not affect the merits of the action, and is not favored in law.

A proper regard for justice and the decent administration of the law requires that a litigation which has already raged for a quarter of a century over a question which the evidence seems to place beyond reasonable doubt, should be decided upon its merits, and not disposed of on a technical point which would remand the controversy to be begun anew, between parties who are all represented in this action, and whose rights can be effectually settled herein.

We are of the opinion that the defendants have no such interest in the question as entitles them to contest the validity of this assignment. Assuming that the real estate is partnership property, as we must, their only interest in that part thereof which did not belong to their testator, was to see that it was awarded to Le Grand Marvin, or some one who legally represented him. As between Le Grand Marvin and his assignee, the conveyance of his interest was undoubtedly valid, and transferred the legal right to demand an accounting to such assignee.

Le Grand Marvin was made a party defendant to this action and would, undoubtedly, be bound by any adjudication made therein.

It was said by CHURCH, Ch. J., in *Sheridan* v. *Mayor, etc.*, (68 N. Y. 30), that " a plaintiff is the real party in interest under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand. The defendant has no legal interest to inquire further. A payment to or recovery by an assignee occupying this position is a protection to the defendant against any claim that can be made by the assignor." (*Seymour* v. *Fellows*, 77 N. Y. 178; *Sullivan* v. *Bonesteel*, 79 id. 631.)

The right of the present plaintiff to continue the action as the executrix and legatee of Simon Greenwood was adjudicated by the order substituting her as plaintiff in his place. (*Smith* v. *Zalinski*, 94 N. Y. 519.)

We have examined the other exceptions in the case with considerable care, but find none of sufficient materiality to

persuade us that any error justifying a reversal of the judgment was committed by the trial court.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.