### FISCHER *v.* BOECHER *et al.*

*(Supreme Court, General Term, First Department. February 18, 1892.)*

TRUSTS IN PARTNERSHIP REAL ESTATE—PLEADING IN ACTION TO ENFORCE.

A complaint alleged that title to partnership property was taken in the name of one partner, who subsequently conveyed the same, by agreement of all of them that it should be held in trust for them, and that the grantee's title should be an absolute fee-simple upon payment of a certain sum to each partner; and sought to establish a trust for the partners; and asked an accounting, a sale, and distribution of proceeds. *Held*, that no cause of action was stated, there being no allegation that the grantee agreed to hold the land subject to the partnership trust, or anything more than to pay for the same at some time and place not stated.

Appeal from special term, New York county.

Action by John E. Fischer against Gertrude Boecher, Adam Boecher, and Frederick Bollwage, to establish a trust. Plaintiff appeals from a judgment entered upon an order dismissing the complaint at the opening of the trial

upon the ground that it did not state facts sufficient to constitute a cause of action.  Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Daniel D. Sherman,* for appellant.  *A. H. Berrick,* (*Edw. Browne,* of counsel,) for respondents.

O'BRIEN, J.  The complaint shows that the title to partnership real estate was taken in the name of one of the partners; that such partner subsequently conveyed the real estate, through one Krahe, to the defendant Gertrude Boecher; that, by agreement of all the parties, the defendant Gertrude Boecher's trustee title should be an absolute fee-simple upon payment by her of a certain sum to each partner; that said defendant has attempted to convey the same to a third party, in violation of the trust, and seeks to establish the trust, an accounting, a sale, and distribution of proceeds.  The complaint is claimed to be defective in that the alleged trust is not one of the express trusts permitted by statute; that the defendants Adam Boecher and Frederick Bollwage should have been joined as plaintiffs; that there is no sufficient allegation connecting Mrs. Boecher with the alleged trust; and, lastly, that, in any aspect of the complaint, no cause of action is stated.

*Fairchild* v. *Fairchild,* 64 N. Y. 471, is authority for the statement that "real estate purchased for and appropriated to partnership purposes, and paid for out of partnership funds, is partnership property.  Although the legal title is taken in the name of one of the partners, equity will hold him as trustee for the firm.  *  *  *  That real estate so purchased is not within the provisions of the statute of uses and trusts, (1 Rev. St. p. 728, § 51,) providing that, when a grant for a valuable consideration shall be made to one person, and the consideration paid by another, no use or trust shall result in favor of the person making the payment.  The partner having title is a trustee for the firm, holding the property as personalty, and when this trust is discharged by the payment of the debts, or the settlement of the claims of the partners as between themselves, a trust in remainder results, by operation of law, to the other members of the firm, and the heirs of such as have died, which is valid by the provisions of the said statute, reserving trusts arising or resulting by implication of law."  This case was cited and applied in the case of *Greenwood* v. *Marvin,* 111 N. Y. 423, 19 N. E. Rep. 228, wherein it was held that "real estate purchased by a firm, with its funds, for partnership purposes, is regarded in equity, so far as the fund and its creditors are concerned, and so long as the partnership affairs remain unsettled, as personal property.  The interests of the respective members of the firm are not required to be established by deed or instrument in writing.  The creation of a trust as to such interest is not prohibited by the statute of uses and trusts."

It will thus be seen that there was no legal objection to conveying the property to Boecher, one of the partners, subject to the partnership trust; and, if the complaint had alleged that the title subsequently conveyed to Krahe, and by him conveyed to Gertrude Boecher, was done under an agreement that the same was to be held as personal property, and if it had been further made to appear that the partnership affairs had not been settled or adjusted, or if the opposite had been made to appear,—that they had been settled and adjusted,—and the rights of the partners, as between themselves, fixed and determined, so that a division of the partnership assets could be made, a cause of action would have been stated which a court of equity could have enforced.  Such an action to compel the trustee to sell the property would be based upon the theory that the property was subject to a partnership trust, which, for the purpose of paying the debts of the firm, or adjusting the rights of the partners, could have been enforced.  The difficulty with the complaint here, however, is not that a partnership trust in real estate is obnoxious to the statute, but that no facts are stated from which any such inference can be drawn.  It is not

alleged that the defendant Gertrude Boecher, who holds the title to the property, was a trustee for any such purpose. In regard to a trust the only allegation of the complaint is that the title "should be conveyed to one Henry Krahe, and subsequently to Gertrude Boecher, to be held in trust for the plaintiff, and the said defendants Adam Boecher and Frederick Bollwage." This was an agreement between the parties, and, whatever its character, it appears that Gertrude Boecher was neither a party to this agreement, claimed by the plaintiff to have resulted in the conveyance of the land to her, nor is is it in any way shown that she was privy thereto. On the contrary, other averments of the complaint show that she took title under an agreement to pay the grantor and the plaintiff a valuable and substantial consideration for a conveyance of the fee of the land. Thus it is not shown, nor can it be determined from the complaint, whether Mrs. Boecher took an estate in the land as trustee, or whether there was a mere naked power in trust given; and, if either, what act she was to perform with respect to the land, which she refused to perform, or which the court could, by its decree, direct her to perform; nor is it made to appear what act she contemplates doing which the court can say was or was not in her power to do.

Before the court can be induced to act in a case of this character, even upon plaintiff's theory of a trust, it should, in some way, be stated or made apparent that the trustee, contrary to the terms of the trust, is about to commit some act to the injury of his *cestui que trust.* The complaint is barren of all such allegations, and the most favorable construction for plaintiff would be that the defendant Gertrude Boecher obtained the property under an agreement that she would pay for the same the sum mentioned in the complaint; but when and where she should make such payment, and as to what the agreement was as to the disposition of the land, in case of her refusal to make such payment, is not alleged. Taking, therefore, all the allegations of the complaint to be true, the court would be unable to determine what relief should be granted to plaintiff; nor could it say, if it directed a sale of the property, to whom the proceeds should be given. Such complaint is too indefinite, and is wanting in the essential averments from which any cause of action can be spelled out. Indulging in every presumption most favorable to plaintiff, in order to support the complaint, we cannot see, upon the facts pleaded, any theory or principle upon which a cause of action could be predicated. We are of opinion, therefore, that the order and judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and LAWRENCE, J., concur in result.