## McCULLOCH v. CHATFIELD et al.

### (Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

### No. 528.

EQUITY—SHARING CONTRACT IN PROCEEDS OF LAND.

A. and C., and two others, entered into an agreement for a speculation in land, which was to be purchased in the name of C., and by him sold for the common benefit. A. was to receive a three-tenths interest in the proceeds, in consideration of certain services, and the others, each, a one-tenth interest, in consideration of the contribution by each of $10,000. Subsequently A. made an agreement with complainant, who paid $5,000 for an interest, and, a difference having arisen between them, a compromise agreement was made between complainant and A. by which it was agreed that complainant's interest should be three-fortieths of the proceeds of the land. Complainant brought suit against all the parties to compel C. to give him a written recognition of his three-fortieths interest in the land, and to have his interest in the land, to that extent, decreed by the court. C. admitted complainant's claim to a one-twentieth interest in the proceeds of the land, but alleged that he had no knowledge whether he was entitled to a greater interest, as that depended on an agreement between complainant and A. *Held,*—First, that the trust agreement was of such nature that it gave complainant no interest in the land, but only an interest in the proceeds of sale when sold; second, that, as the trustee was not shown to be insolvent, and as it did not appear that he had been negligent or inefficient in the discharge of his duties, and as the beneficiaries were largely indebted to the trustee for advances which were a first lien on the land, a court of equity would not, for the present at least, decree that the complainant had a specific interest in the land to the extent claimed, or any other extent, as it might embarrass the trustee in disposing of the property pursuant to the terms of the trust.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

The case presented by the appellant, John McCulloch, who was also the plaintiff in the circuit court, is as follows: By an original and amended bill of complaint which was filed by him against the appellees in the circuit court of the United States for the Eastern district of Arkansas, the plaintiff charged, in substance, that in February, 1882, the appellees, H. R. Allen, William Woods, T. B. Handy, and William H. Chatfield (who has since died, and who is represented in this suit by his successor in interest, A. H. Chatfield) entered into an agreement among themselves with a view of acquiring a large body of land in the state of Arkansas, which then belonged to the Memphis & St. Louis Railroad Company; that, by the terms of said agreement, William H. Chatfield was to become trustee of all of said parties, and others who might become associated with them, to hold and dispose of the land when it was acquired; that said Chatfield, Handy, and Woods were each to have a one-tenth interest in the proceeds of said lands on contributing each $10.000 towards the acquisition of the same; that said Allen was to have a three-tenths interest therein for his trouble and expense in looking up the lands,

and in securing the same; that the remaining four-tenths interest was to be disposed of to other persons who might thereafter become interested in the speculation; that in May, 1882, by an agreement entered into between the plaintiff, McCulloch, and the said Allen, the plaintiff, on the payment of $5,000 towards the acquisition of the lands, acquired a one-tenth interest therein, which placed him on terms of equality with Chatfield, Handy, and Woods; that thereafter, in consequence of a dispute that had arisen between the plaintiff and said Allen relative to the amount of the plaintiff's interest acquired by the payment of the $5,000 aforesaid, a compromise agreement was entered into by and between Allen and the plaintiff, whereby the latter became entitled to one-fortieth of the proceeds of all the lands held by Chatfield as trustee, in addition to the one-twentieth interest therein originally acquired by the payment of $5,000, so that thereafter the plaintiff's interest in the proceeds of the land was, as between himself and Allen, agreed to be three-fortieths. The bill further averred that he had attempted, from time to time, to secure from said Allen, as well as from William H. Chatfield in his lifetime, and thereafter from A. H. Chatfield, his successor in the trust, a written certificate or statement that he was entitled to a three-fortieths interest in the proceeds of said lands, but that said parties had refused to give such a written declaration; that Allen had eventually repudiated his right to said additional one-fortieth interest claimed under the compromise agreement aforesaid; and that the trustee, A. H. Chatfield, while recognizing and admitting his interest in the proceeds of said lands to the extent of one-twentieth, yet declined to acknowledge an interest to any greater extent. The bill also contained an allegation that, as said Allen had represented to his associates that he would secure lands for the purposes of the speculation to the extent of 620,000 acres, the plaintiff was entitled, as against Allen, by virtue of such representation to three-fortieths of that amount of land, namely, lands to the amount of 46,500 acres. The bill thereupon prayed the court to enter a decree that the plaintiff was entitled to a three-fortieths interest so as aforesaid claimed in the lands held by the trustee, and for general relief. Separate answers to the bill were filed by the appellee A. H. Chatfield, trustee, and by the appellee Allen. The answer of the trustee admitted that the interests of the various parties in the proceeds of the lands in controversy were as stated in the bill, except the interest of the plaintiff, McCulloch. With respect to the interest of the latter, the answer averred that the trustee had always recognized the plaintiff's right to one-twentieth of the proceeds of the land, but that he had declined to make a written declaration that he was entitled to a greater interest, because that was outside of his duties and depended upon an agreement between Allen and the plaintiff with which he was not fully acquainted. Furthermore, the answer averred that by the original agreement made in 1882, creating the trust, the trustee was to have the full and absolute control of the land, and of the sale thereof, he being only required to account for the proceeds of the sale, and that the execution of a formal declaration of a trust therein, in favor of any one, would have the effect of defeating sales by the trustee according to his own judgment, as purchasers would require the beneficiary to join in the execution of deeds for said lands after such declaration of trust was made and filed of record. The trustee further averred that the plaintiff had utterly failed during the existence of the trust to contribute anything towards paying the taxes on the land, or other expenses incident to the execution of the trust; that the trustee and his predecessor, W. H. Chatfield, had already expended on that account $153,861, and had received from sales only $65,707, leaving a balance due to the trustee, at the date of filing his answer, of $88,153, without any allowance for services, which sum was a first charge upon the land and the proceeds of the sale thereof. The defendant Allen denied, in substance, that the plaintiff was entitled to more than one-twentieth of the proceeds of the land, to which extent he conceded that he was entitled to share in the proceeds of the sale. He averred that the pretended agreement by himself to give the plaintiff an additional one-fortieth interest therein was secured by false and fraudulent representations, and was, for that reason, not obligatory. After a full hearing of the case on the merits, the circuit court dismissed the plaintiff's bill for want of equity, and from such decree an appeal has been prosecuted to this court.

Charles C. Collins and C. S. Collins, for appellant.

F. N. Judson and S. M. Shepard (L. C. Balch, on the brief), **for** appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is obvious from an inspection of the record that, in so far as there is any substantial controversy developed by the pleadings or the testimony, the plaintiff, McCulloch, on the one side, and the defendant H. R. Allen, on the other, are the only interested parties. It is conceded by all that by contributing $5,000 towards the objects of the speculation in which H. R. Allen, W. H. Chatfield, William Woods, and T. B. Handy became interested by the agreement of February 3, 1882, the plaintiff, McCulloch, became, and now is, entitled to one-twentieth of the proceeds of the sale of the land in controversy, after the large sum now due to the trustee for advances and other expenses of the trust have first been paid. Whether, in addition to that interest, he is further entitled, under the agreement with Allen, to another one-fortieth, making his total interest in the proceeds three-fortieths, is a question that in no wise concerns the trustee, or the other defendants besides Allen. The one-fortieth interest thus in controversy belongs either to the plaintiff or to the defendant Allen, as all of the parties agree. With the exception of this one issue, which, according to the answer filed by Allen, seems to turn largely on the question whether the alleged agreement to give him such additional interest was obtained by fraud, there is no other issue in the case, so far as we are able to discern. The question arises, therefore, on this state of facts, whether the record discloses any adequate ground for equitable relief. It is clear, we think, that the plaintiff has no estate in the land, as distinguished from the proceeds of sale, which entitles him to a decree of partition, or to a decree adjudging that he has a three-fortieths, or any other, undivided interest therein. The agreement of February 3, 1882, evidently contemplated that the trustee thereby appointed, Mr. W. H. Chatfield, should hold the title to such lands as might be acquired under the agreement, dispose of the same to the best advantage possible, and convey the same, when sold, by his individual deed. The only limitation placed upon his powers was that he should not sell any of the land for less than one dollar per acre without the consent of all parties in interest. The trust so created plainly belongs to that class of trusts where the beneficiaries acquire no estate in lands held by the trustee until after they are sold, when their rights attach to the proceeds of sale. It was one of those agreements which operated to convert into personalty the realty that might be purchased, so far as the parties to the speculation were concerned, until, by mutual agreement, they had otherwise determined, inasmuch as the title to the land acquired was taken in the name of the trustee for the express purpose of enabling him to sell it without let or hindrance, and to divide the proceeds among those who might become

interested in the speculation. Nicoll v. Ogden, 29 Ill. 323, 377, 378; Greenwood v. Marvin, 111 N. Y. 423, 19 N. E. 228; Pom. Eq. Jur. § 992, and cases there cited. For these reasons, the plaintiff was not entitled to a decree adjudging that he was the owner of an undivided interest in the property, as a decree of that nature would very likely interfere with the dominion over the property which the trustee is entitled to exercise so long as he acts in good faith, and is guilty of no dereliction of duty.

It is also worthy of notice that the bill does not allege that the trustee is insolvent, and that the proof does not show that he has been either negligent or inefficient in the discharge of his duties. No right to relief, therefore, arises upon either of these grounds. It is not the fault of the trustee that a controversy has arisen between two of the beneficiaries as to the extent of their several interests, and he is not guilty of any misconduct in refusing to assume the responsibility of deciding that controversy until it becomes necessary to make a distribution of the trust fund. When that time arrives, it is to be presumed that the trustee, for his own protection, will take the proper steps to ascertain the plaintiff's true interest in the trust fund. So far as we can see, the only ground upon which the plaintiff can fairly lay claim to equitable relief is found in an allegation of the amended bill wherein the plaintiff avers that he is now ready and willing to pay his proportion of the expenses of executing the trust. On the strength of that allegation, it has been suggested that he cannot contribute to the payment of such expenses until the amount of his interest is ascertained and has been fixed by judicial decree, and that it is competent for a court of equity to entertain jurisdiction of the case, and settle the existing controversy, on that ground. With reference to this suggestion, it is only necessary to say that we have become satisfied, by a careful examination of the testimony, that this claim is not made in good faith. We think that the plaintiff has no present intention of refunding to the trustee his proportion of the large sum of money which the trustee has already advanced in paying taxes and otherwise administering the trust, and that a decree determining the extent of the plaintiff's interest would not induce him to contribute either to the payment of expenses heretofore or hereafter incurred. The result is that the plaintiff is, for the present, at least, without right to equitable relief. The trustee has notice of the plaintiff's claim, and has thus far shown no disposition to ignore his rights, whatever the same may be. The trustee is also solvent, and the large sum now due to him must first be paid before any of the proceeds of the land can be distributed among the beneficiaries. It is not improbable that the entire proceeds may be consumed in reimbursing the trustee for his expenses, so that it will be unnecessary to decide, either now or hereafter, whether the plaintiff's interest is one-twentieth or three-fortieths. For these reasons, we think that the circuit court properly dismissed the plaintiff's bill of complaint, and its decree in that behalf is hereby affirmed.