## BAILEY et al. v. WEED.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

1. PARTNERSHIP—PAROL CONTRACT—VALIDITY.

     A contract of partnership for dealing in realty, not involving the conveyance by one partner to another of any interest in the realty itself, need not be in writing.

2. SAME—EVIDENCE.

     The fact that, after an alleged parol partnership transaction in realty, two of the partners requested the third, who had taken the title in the land purchased, to convey to them, does not conclude them from claiming as partners in the proceeds.

Appeal from special term, Essex county.

Action by Stephen C. Bailey and Edward H. Kane against Alexander H. Weed. There was a judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Francis A. Smith, for appellant.

J. Sandford Potter, for respondents.

LANDON, J. It is well settled that a partnership can be made by the oral agreement of the parties for the purpose of dealing in real estate, if it does not involve therein the conveyance by one partner to another of any interest in the real estate itself, but is to be managed by one partner taking and giving the conveyances, and all the partners contributing to the common expense of labor, and sharing in the profits and losses. Bissel v. Harrington, 18 Hun, 81; Chester v. Dickerson, 54 N. Y. 1; Traphagen v. Burt, 67 N. Y. 30; Fairchild v. Fairchild, 64 N. Y. 471; Greenwood v. Marvin, 111 N. Y. 423, 19 N. E. 228. In this case it was a question of fact upon conflicting evidence whether the contract between the parties was of this kind, or whether, in addition to the element of partnership, it also contained an agreement by the defendant to convey to each plaintiff one-third of the real estate to be purchased by the defendant in his own name upon their payment to him of one-third of the purchase price and expenses, and therefore was void under the statute of frauds. The learned trial court found in favor of the plaintiffs, and we do not think we should be justified in setting aside the finding. It is true, the plaintiffs have contributed but little to the common enterprise, but they appear to have been willing to contribute as fully as they agreed to, and the defendant finally rejected their tenders of contribution upon the ground that he had the title, and, as he expressed it, that they "were not in it." The subsequent request of each of the plaintiffs of the defendant for a conveyance could be considered as an effort to obtain an interest in the property after the defendant had refused to recognize them as partners in its management and proceeds, and, thus considered, was not conclusive against their claim as partners in the proceeds.

Judgment affirmed, with costs. All concur.